THE STATE OF OHIO, APPELLEE, *v.* RAMEY, APPELLANT.

[Cite as *State v. Ramey,* 132 Ohio St.3d 309, 2012-Ohio-2904.]

*Criminal law—R.C. 2945.72—Speedy trial—Reasonable continuance granted other than upon the accused's motion tolls time for trial—Determination of reasonableness must be made based upon the existing record.*

(No. 2011-0597—Submitted March 20, 2012—Decided June 28, 2012.)

APPEAL from the Court of Appeals for Clark County,

No. 10 CA 19, 2011-Ohio-1288.

_____

O'CONNOR, C.J.

{¶ 1}  The issue presented in this appeal is whether the filing of a pretrial motion to suppress by a co-defendant automatically tolls the time within which a defendant must be brought to trial.  We hold that it does not.  Accordingly, we reverse the court of appeals' judgment.  And for the reasons explained herein, we remand this case to the court of appeals to determine whether the setting of the trial date beyond the statutory time period was reasonable, as required by R.C. 2945.72(H).

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On October 7, 2009, Keith Ramey and Jonathan Keeton were arrested for breaking and entering into Nasty N8s, a tattoo parlor, the previous night.  They were also accused of using a pistol to beat and rob Howard Fannon, whom they had encountered on the street shortly after midnight on October 7.  A joint indictment handed down against the two men six days later contained two counts of aggravated robbery with firearm specifications, two counts of felonious assault with firearm specifications, and one count of breaking and entering.  After

both entered not-guilty pleas, Keeton posted bond and was released from jail. Ramey was unable to post bond and therefore remained in jail pending trial.

{¶ 3} On December 9, 2009, the court held a pretrial hearing during which counsel for both defendants represented that they intended to file motions to suppress and sever the trials. That same day, the trial court scheduled a hearing on the motions for January 5, 2010, and advised the parties that it anticipated "assigning the matter for jury trial shortly thereafter."

{¶ 4} The following day, Keeton filed a motion to suppress physical evidence seized from his father's house and statements he had made when he was arrested. On December 21, 2009, the state filed a second, related indictment that charged the two with having a weapon under disability. On December 29, 2009, Keeton filed a supplemental motion that challenged his identification through law enforcement's use of a photo array.

{¶ 5} Ramey did not file any pretrial motions.

{¶ 6} The trial court held the motions hearing on January 5, 2010, as scheduled. At the close of the hearing, Keeton abandoned portions of his motions and the trial court denied what remained. On January 6, 2010, the trial court issued a scheduling order that set a deadline for the acceptance of a plea offer. That entry also stated, "In the event that the defendants do not accept said plea offers, Counsel have indicated their respective availability for trial to commence at 9:00 o'clock a.m. on February 1, 2010." The court later continued the trial one additional day because the courtroom was unavailable on February 1, 2010.

{¶ 7} On February 1, 2010, Ramey moved to dismiss both indictments on the ground that the state failed to prosecute him within 90 days after his arrest, as mandated by Ohio's speedy-trial statute, R.C. 2945.71. That same day, the trial court presided over a status conference, during which it denied Ramey's motion "[b]ecause of the motions and the agreed hearing dates by counsel." The court also explained that, in its view, the motion to dismiss did not have merit

2

because the parties had agreed to set certain dates to reconsider the status of the case and, "otherwise, the Court was well within its ability to set a trial date within what would have been the 90 days under R.C. 2945.71." The trial court thereafter issued a written decision that denied Ramey's motion on the basis that the matter had been continued by agreement of the parties.

{¶ 8} After a three-day trial, the jury returned guilty verdicts against Ramey on two counts of aggravated robbery with firearm specifications, one count of felonious assault, and one count of having a weapon under disability. The jury found Ramey not guilty of one count of felonious assault and one count of breaking and entering. When sentencing Ramey, the trial court merged the aggravated-robbery counts and sentenced Ramey to an aggregate term of imprisonment of 11 years.

{¶ 9} The Second District Court of Appeals affirmed Ramey's convictions of aggravated robbery and felonious assault, which were charged in the first indictment, but reversed and vacated his conviction of having a weapon under disability, which was charged in the second indictment. It did so because it concluded that Ramey was timely tried on the first indictment but not on the second, because events that tolled the time for trial on the first indictment did not toll the time for trial on the second indictment.

{¶ 10} As a starting point, the court of appeals explained that the time within which to bring Ramey to trial on all the charges began to run on the date of his initial arrest because the charge contained in the second indictment arose from the same facts as the charges contained in the first indictment. The court of appeals then held that the time to bring Ramey to trial was tolled when Keeton filed his first motion to suppress, and thus Ramey was tried timely on the first indictment, with three days to spare.

{¶ 11} With respect to the second indictment, the court of appeals held that Keeton's first suppression motion did not toll Ramey's speedy-trial time

because Keeton filed that motion before the second indictment was handed down. But Keeton's supplemental motion to suppress, which he filed after the second indictment, automatically extended the time within which to bring Ramey to trial. Even so, the court of appeals concluded that the state failed to bring Ramey to trial on the charge in the second indictment within the statutory period, and thus it vacated Ramey's conviction for having a weapon under disability. Because the sentence on that count was to be served concurrently with the sentences that were affirmed, Ramey's aggregate sentence remained the same.

{¶ 12} We accepted jurisdiction over Ramey's discretionary appeal. *State v. Ramey*, 129 Ohio St.3d 1478, 2011-Ohio-4751, 953 N.E.2d 844.

## QUESTION PRESENTED

{¶ 13} The sole proposition of law before us asserts: "The filing of a motion to suppress by a co-defendant does not, by itself, automatically toll the other co-defendant's speedy trial time."

## ANALYSIS

### *The Right to a Speedy Trial*

{¶ 14} The right to a speedy trial is a fundamental right of a criminal defendant that is guaranteed by the United States and Ohio Constitutions. Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 10. *See also State v. Hughes*, 86 Ohio St.3d 424, 425, 715 N.E.2d 540 (1999). States have the authority to prescribe reasonable periods in which a trial must be held that are consistent with constitutional requirements. *Barker v. Wingo*, 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "In response to this authority, Ohio enacted R.C. 2945.71, which designates specific time requirements for the state to bring an accused to trial." *Hughes* at 425. The prosecution and the trial courts have a mandatory duty to try an accused within the time frame provided by the statute. *State v. Singer*, 50 Ohio St.2d 103, 105, 362 N.E.2d 1216 (1977)*; see also State v. Cutcher*, 56 Ohio St.2d 383, 384, 384 N.E.2d 275 (1978). Strict

compliance with the statute is required. *State v. Davis*, 46 Ohio St.2d 444, 448, 349 N.E.2d 315 (1976).

{¶ 15} A defendant charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2). For purposes of calculating speedy-trial time, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). Thus, subject to certain tolling events, a jailed defendant must be tried within 90 days. *Id.*

{¶ 16} Ramey, who was jailed pending trial, was not tried within 90 days after his arrest. Instead, trial commenced 118 days after Ramey's arrest. The state argues both that the time in which to bring Ramey to trial was tolled by his own actions and that the time was tolled by the filing of his co-defendant's motion to suppress.

*Waiver of the Right to a Speedy Trial*

{¶ 17} The state contends that the time in which Ramey was to be brought to trial was tolled because Ramey's counsel indicated at a pretrial conference that he would file motions to suppress and to sever and then failed to object to the trial date. We disagree.

{¶ 18} A criminal defendant may waive speedy-trial rights. *See, e.g., State v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903 (1994), syllabus; *State v. O'Brien*, 34 Ohio St.3d 7, 9, 516 N.E.2d 218 (1987), citing *Barker,* 407 U.S. at 529, 92 S.Ct. 2182, 33 L.Ed.2d 101. "To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." *King,* syllabus.

{¶ 19} In *King*, the defendant was charged with and pled not guilty to telephone harassment, a first-degree misdemeanor. The court set the trial date, which King sought to continue. The state did not oppose King's motion, and the trial was continued. Even though the continuance tolled the speedy-trial period

because it was entered at the defendant's request, the prosecutor and the court were nonetheless under the impression that King would execute a written waiver of her speedy-trial rights. There was a dispute whether the prosecutor conditioned his approval of the continuance on King's agreement to sign a speedy-trial waiver, and there was disagreement whether defense counsel promised the judge's secretary to forward a signed time waiver to the court. In any event, no waiver was ever filed.

{¶ 20} Thereafter, the trial court, on its own motion, continued King's trial date by an additional two months. Before trial commenced, King sought dismissal of the charges based on a violation of her right to a speedy trial. In denying the motion, the trial court reasoned that King waived her speedy-trial rights, through her attorney's oral representations to court staff and the prosecutor, in exchange for being granted the first continuance. It further reasoned that it reasonably relied on King's oral waiver in further continuing the trial date. King entered a plea of no contest and was convicted. The court of appeals vacated King's conviction because it concluded that the oral waiver was ineffective.

{¶ 21} We held that King's alleged oral waiver of speedy-trial rights was not effective because it did not appear in the record. We closely reviewed the record and determined that neither King nor her trial counsel made an express written waiver or waived her right to speedy trial in open court on the record. For that reason, we concluded that King's right to a speedy trial was intact when she moved for dismissal under R.C. 2945.73.

{¶ 22} In this case as well, there is no definitive evidence of waiver. Neither Ramey nor his trial counsel executed a written waiver of speedy-trial rights or expressly waived his rights in open court on the record. Instead, the state essentially asks us to find that Ramey and his counsel impliedly waived Ramey's

right to a speedy trial. To do so would require us to ignore the unequivocal nature of our holding in *King*.

{¶ 23} Ramey had not waived his right to a speedy trial when he filed his motion to dismiss. Therefore, we must now determine whether the time in which Ramey had to be brought to trial was tolled.

*Tolling of the Speedy-Trial Clock*

{¶ 24} Because the General Assembly recognized that some degree of flexibility is necessary, it allowed for extensions of the time limits for bringing an accused to trial in certain circumstances. *State v. Lee*, 48 Ohio St.2d 208, 209, 357 N.E.2d 1095 (1976). Accordingly, R.C. 2945.72 contains an exhaustive list of events and circumstances that extend the time within which a defendant must be brought to trial. In addition to meticulously delineating the tolling events, the General Assembly jealously guarded its judgment as to the reasonableness of delay by providing that time in which to bring an accused to trial "may be extended only by" the events enumerated in R.C. 2945.72(A) through (I). *See, e.g.*, *Singer,* 50 Ohio St.2d at 109, 362 N.E.2d 1216. "These extensions are to be strictly construed, and not liberalized in favor of the state." *Id.*

{¶ 25} R.C. 2945.72 does not include the filing of pretrial motions by a co-defendant as an event that automatically extends a defendant's speedy-trial time. In construing a statute, we may not add or delete words. *State ex rel. Sears, Roebuck & Co. v. Indus. Comm.*, 52 Ohio St.3d 144, 148, 556 N.E.2d 467 (1990). We are, therefore, compelled to conclude that a co-defendant's filing of pretrial motions does not automatically toll the time in which a defendant must be brought to trial.

*Remand for application of R.C. 2945.72(H)*

{¶ 26} The Second District Court of Appeals concluded that Keeton's motions to suppress tolled the time in which Ramey was to be brought to trial by relying on and expanding its own decision in *State v. Smith*, 2d Dist. No. 03-CA-

93, 2004-Ohio-6062. In *Smith*, the Second District held that "[a] motion by a co-defendant may operate to extend speedy trial time for another." *Id*. at ¶ 20. The *Smith* court cited, without analyzing, R.C. 2945.72(H) as the relevant statutory authority.

{¶ 27} R.C. 2945.72(H) permits the speedy-trial clock to be tolled for the "period of any continuance granted on the accused's own motion, and *the period of any reasonable continuance granted other than upon the accused's own motion*." (Emphasis added.)

{¶ 28} When a trial court exercises its discretion to continue the period for trial beyond the statutory limit, the continuance is entered under the second clause of subsection (H) and, therefore, the period of continuance must be reasonable. *State v. Davis*, 46 Ohio St.2d 444, 449, 349 N.E.2d 315 (1976), and syllabus.

{¶ 29} In *Davis*, the trial court failed to commence trial of a jailed defendant within the statutorily prescribed 90 days. At a pretrial conference, however, the defendant's counsel had acquiesced in the trial date. On the day of trial, the defendant moved to dismiss for failure to bring him to trial as required by R.C. 2945.71. At the same time, defense counsel informed the court that if the motion was denied, he intended to request leave to file a notice of alibi and to request additional time to locate alibi witnesses. The trial court dismissed the charges based on a speedy-trial violation, explaining that under R.C. 2945.73, it had no discretion in the matter. The court of appeals reversed on the basis that the continuance was entered on the defendant's own motion because defense counsel had agreed to the trial date. In doing so, it concluded that the period of delay was excluded from the statutory time in which to bring the defendant to trial on the authority of the first clause of R.C 2945.72(H).

{¶ 30} But this court held that when defense counsel merely acquiesces in a trial date but does not affirmatively lodge a motion for a continuance, the continuance is entered "other than upon the accused's own motion" and, under the

second clause of R.C. 2945.72(H), must be reasonable. *Id.* at 449. Accordingly, we remanded the case for a determination as to the reasonableness of the continuance in light of defense counsel's representation that he was not prepared to proceed with the trial as scheduled. *Id.* at syllabus and 449.

{¶ 31} In this case, Ramey's counsel similarly merely acquiesced in the trial date. Accordingly, the trial court had discretion to extend the trial date beyond the statutory time limit, if the continuance was reasonable, as required by the second clause of subsection (H). *Id.*; *see also State v. McRae*, 55 Ohio St.2d 149, 152, 378 N.E.2d 476 (1978), fn. 3 and 4.

{¶ 32} Ideally, "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus. Here, the trial court did not comply with the *Mincy* rule because it acted upon the mistaken belief that the time for trial was automatically extended by both Keeton's filing of pretrial motions to suppress and Ramey's counsel's acquiescence in the trial date. In doing so, like the trial court in *Davis*, it failed to recognize that the extension was properly granted only under the second clause of R.C. 2945.72(H).

{¶ 33} On several occasions, we have found it necessary to address trial courts' imperfect handling of continuances under R.C. 2945.72(H), such as occurred here. *See, e.g., McRae* at 152. We have recognized that an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record. *Id.*

{¶ 34} Because the court of appeals failed to undertake the requisite inquiry, we must remand this case to the court of appeals to determine whether

the setting of the trial date beyond the statutory time period was reasonable, as required by R.C. 2945.72(H). In doing so, we reaffirm the principle of law that the determination of reasonableness must be made on the existing record. *See McRae* at 153 (the existing record must affirmatively demonstrate the reasonableness of the delay); *Mincy* at 8 (condemning after-the-fact justifications of continuances).

### CONCLUSION

{¶ 35} The time in which to bring Ramey to trial was not automatically tolled when his co-defendant filed pretrial motions to suppress. Therefore, the court of appeals' judgment is reversed, and this case is remanded to the court of appeals to determine, as R.C. 2945.72(H) states, whether the setting of the trial date beyond the statutory time period was reasonable.

Judgment reversed

and cause remanded.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

D. Andrew Wilson, Clark County Prosecuting Attorney, and Andrew R. Picek, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

Thomas Sartini, Ashtabula County Prosecuting Attorney, and Shelley Pratt, Assistant Prosecuting Attorney, urging affirmance for amicus curiae, Ohio Prosecuting Attorneys Association.

_____