[Cite as *State v. Hughes*, 2014-Ohio-1320.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                :

    Plaintiff-Appellee,                  :           CASE NO.  CA2013-05-081

                                   :           O P I N I O N
   - vs -                                  3/31/2014

                                   :

KEIONNAA L. HUGHES,                       :

    Defendant-Appellant.             :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-10-1607


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant


**HENDRICKSON, J.**

   **{¶ 1}** Defendant-appellant, Keionnaa Hughes, appeals from a decision of the Butler County Court of Common Pleas sentencing her to a nine-month prison term.

   **{¶ 2}** On October 10, 2012, appellant was indicted for one count of grand theft in violation of R.C. 2913.02(A)(2) and one count of identity fraud in violation of R.C.

2913.49(B)(1).[1] Appellant's charges stemmed from allegations that in July 2012, appellant and an accomplice went to a car dealership located in Butler County, Ohio, took a vehicle on a test drive, and did not return the vehicle. It was later discovered that appellant had provided the dealership with a false identification and a stolen driver's license in order to obtain permission to test drive the vehicle.

{¶ 3} Following her indictment, appellant was arrested in Franklin County, Ohio and released on bond on January 4, 2013. As a condition of her release, appellant was required to report to the Butler County Clerk of Court within five days to face the charges pending in Butler County. However, appellant failed to appear and appellant was served with another arrest warrant on March 19, 2013. Appellant posted a second bond to secure her release from Butler County on March 27, 2013.

{¶ 4} On April 9, 2013, appellant entered a guilty plea to one count of grand theft and one count of identity theft, both fifth-degree felonies. On May 14, 2013, the trial court conducted appellant's sentencing hearing and imposed a nine-month prison term for the count of grand theft and a nine-month prison term for the count for identity theft, to be served concurrently. Appellant now appeals, raising the following assignment of error for review.

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT SENTENCED HER TO CONCURRENT TERMS OF NINE MONTHS IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.

{¶ 6} In her sole assignment of error, appellant contends the trial court erred when it imposed a nine-month prison term. Appellant argues the trial court should have imposed a community control sanction pursuant to R.C. 2929.13(B)(1)(a).

{¶ 7} The standard of review set forth in R.C. 2953.08(G)(2) governs review of all

---

1. A superseding indictment was filed on January 8, 2013 charging appellant with two counts of grand theft and one count of identify fraud. However, during plea negotiations the two counts of grand theft were merged.

felony sentences. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's sentencing decision, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." *State v. Olvera*, 12th Dist. Butler No. CA2012-10-199, 2013-Ohio-3992, ¶ 8; *State v. Pearce*, 12th Dist. Clermont No. CA2013-01-001, 2013-Ohio-3484, ¶ 24.

{¶ 8} An appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law." *Crawford* at ¶ 7; *Pearce* at ¶ 25. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, and sentences appellant within the permissible statutory range. *Olvera* at ¶ 8; *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 9} In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *Crawford* at ¶ 8, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* To the contrary, "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* As such, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review" for "the restriction is on the appellate court, not the trial judge." *Id.*

{¶ 10} In sentencing appellant to a prison term, the trial court specifically found

appellant had violated a condition of her Franklin County bond when she failed to report to the Butler County Clerk within five days of her release from Franklin County. The trial court further found that a prison sentence was warranted, as opposed to community control, based on a consideration of all relevant factors. The issue raised by appellant is whether the trial court had discretion to impose a prison term rather than a community control sanction, pursuant to R.C. 2929.13.

{¶ 11} "R.C. 2929.13(B)(1)(a) sets forth a presumption for community control if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence." *State v. Hughey*, 10th Dist. Franklin No. 13AP-135, 2013-Ohio-4155, ¶ 9; *State v. Spencer*, 3d Dist. No. 6-12-15, 2013-Ohio-137, ¶ 21. R.C. 2929.13(B)(1)(a) provides:

> Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:
>
> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense.
>
> (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.
>
> (iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.
>
> (iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶ 12} The presumption of community control is subject to a number of exceptions

- 4 -

contained in R.C. 2929.13(B)(1)(b). *Hughey* at ¶ 9; *Spencer* at ¶ 21. Pursuant to R.C. 2929.13(B)(1)(b)(iii), the trial court has discretion to impose a prison term upon said offender if "[t]he offender violated a term of the conditions of bond as set by the court." *Id.*

{¶ 13} Based upon our review of the record, we find the trial court had the discretion to sentence appellant to a term of imprisonment due to her violation of the condition of her Franklin County bond. *See* R.C. 2929.13(B)(1)(b). Namely, appellant failed to report to the Butler County Clerk within five days of her release from the custody of Franklin County.

{¶ 14} In the present case, appellant admitted to violating the terms of the bond as set by Franklin County.[2] However, appellant now maintains the trial court was obligated to impose a community control sanction because the conditions of her Franklin County bond were not violated within the meaning of R.C. 2929.23(B)(1)(b). In support, appellant raises two specific arguments. First, appellant argues there was no violation of a condition of her bond because the trial court in Franklin County never revoked her bond based on the failure to appear in Butler County. In other words, appellant argues the imposition of a prison term was error because the trial court never "formally charge[d]" appellant with a bond violation. Second, appellant argues she did not violate a "bond set by the court" within the meaning of R.C. 2929.13(B)(1)(b)(iii).

{¶ 15} We find appellant's arguments unpersuasive. Based on the well-established principles of statutory interpretation, a reviewing court "shall apply an unambiguous statute in a manner consistent with the plain meaning of the statutory language and may not add or delete words." *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, ¶

---

2. As noted by appellant's trial counsel during the sentencing hearing "clearly, [appellant] understood when she signed the paper. I've got a copy of it here. We reviewed it together, that she was to turn herself in within five days." Not only did appellant testify that she did not report to the Butler County Clerk within the required time, but appellant's mother also acknowledged this fact during the sentencing hearing. According to the mother's testimony, appellant's violation of the Franklin County bond was based on family issues and transportation difficulties. Therefore, appellant's mother requested leniency from the court.

52; *State v. Ramey*, 132 Ohio St. 3d 309, 2012-Ohio-2904, ¶ 25.

{¶ 16} The language contained in R.C. 2929.13(B)(1)(b) clearly states a trial court has discretion to impose a prison term if, inter alia, "[t]he offender violated a term of the conditions of bond as set by the court." R.C. 2929.13(B)(1)(b)(iii). There is nothing in the statute that requires a trial court to formally revoke a bond before imposing a prison term as opposed to a community control sanction. *Id.* The only requirement contained in the statute is a "violation of a condition of a bond set by the court." *Id.* Appellant's argument essentially requests this court to place an additional requirement not set forth in the statute. Therefore, we find the clear and unambiguous language contained in R.C. 2929.13(B)(1)(b)(iii) provided the trial court with discretion to impose a prison term for appellant's bond violation.

{¶ 17} Furthermore, appellant's argument that she did not violate a "bond set by the court" when she failed to appear before the Butler County Clerk within five days is without merit. Appellant's argument is unsubstantiated. The record clearly shows that appellant was released from the custody of Franklin County on a bond on January 4, 2013. It is undisputed that appellant failed to appear until a subsequent arrest warrant was issued on March 19, 2013, which was well-beyond the five-day time period required in the Franklin County bond. Therefore, while appellant allegedly complied with all applicable conditions of the Butler County bond issued on March 27, 2013, appellant still violated a condition of her Franklin County bond by failing to appear before the Butler County Clerk within five days of her release from Franklin County. Accordingly, we find appellant did violate a bond "set by the court." Appellant's arguments to the contrary are without merit.

{¶ 18} As the record supports the trial court's finding that appellant committed a violation of a condition of her bond, the trial court was entitled to impose a prison term pursuant to R.C. 2929.13(B)(1)(b). Appellant's convictions for grand theft under R.C. 2913.02(A)(2) and identity fraud under R.C. 2913.49(B)(1) were both fifth-degree felonies. A

fifth-degree felony is punishable by a prison term of six, seven, eight, nine, ten, 11, or 12 months. R.C. 2929.14 (A)(5). After making all of the necessary findings, the trial court properly sentenced appellant to a nine-month prison term on each conviction, with both sentences to be served concurrently. Therefore, appellant's prison sentence was not contrary to law. Appellant's assignment of error is overruled.

Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.