[Cite as *State v. Thompson*, 2014-Ohio-3706.]

STATE OF OHIO            )            IN THE COURT OF APPEALS
                         )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

STATE OF OHIO                         C.A. No.      27232

    Appellee

    v.                                APPEAL FROM JUDGMENT
                                      ENTERED IN THE
CLEOPHUS THOMPSON, JR.                COURT OF COMMON PLEAS
                                      COUNTY OF SUMMIT, OHIO
    Appellant                         CASE No.     CR 13 04 1102

DECISION AND JOURNAL ENTRY

Dated: August 27, 2014

---

BELFANCE, Presiding Judge.

{¶1}   Defendant-Appellant Cleophus Thompson appeals from the decision of the Summit County Court of Common Pleas.  For the reasons set forth below, we affirm.

I.

{¶2}   Mr. Thompson was arrested on April 20, 2013, and was later indicted on two counts of felonious assault with two accompanying firearm specifications.  After the trial date was rescheduled twice, on December 5, 2013, Mr. Thompson filed a motion to dismiss based on an alleged violation of his statutory speedy trial rights.  While the trial court never ruled on the motion, on December 18, 2013, Mr. Thompson pleaded no contest to one count of felonious assault and the accompanying firearm specification.  The remaining count and specification were dismissed.  The trial court sentenced Mr. Thompson to four years for felonious assault and a mandatory term of three years for the firearm specification for a total of seven years.  Mr. Thompson has timely appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO DISMISS THOMPSON'S CASE, AS REQUIRED BY LAW, AFTER THE STATE VIOLATED THOMPSON'S CONSTITUTIONAL AND STATUTORY RIGHTS TO A SPEEDY TRIAL.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN [IT] DID NOT DISMISS THE CASE AFTER THE STATE VIOLATED THOMPSON'S CONSTITUTIONAL RIGHT TO DUE PROCESS BY KEEPING HIM INCARCERATED FOR A PROLONGED PERIOD OF TIME DURING THE PENDENCY OF HIS CASE.

{¶3} In Mr. Thompson's two assignments of error he asserts that the trial court erred in denying his motion to dismiss as his right to a speedy trial was violated. Because this Court does not possess the complete record of the proceedings, we overrule his assignments of error.

{¶4} Both the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. *State v. Pachay*, 64 Ohio St.2d 218, 219 (1980). "There is also a statutory right to a speedy trial in Ohio." *State v. Jackson,* 9th Dist. Lorain No. 11CA010012, 2012-Ohio-3524, ¶ 8. Speedy trial statutes constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor. *Pachay* at syllabus. Accordingly, the prosecution and the trial courts have a mandatory duty to try an accused within the time frame provided by the statute and strict compliance with the statute is required. *State v. Ramey,* 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 14.

{¶5} "R.C. 2945.71 dictates the time limits within which a defendant must be brought to trial. Under R.C. 2945.71(C)(2), a person charged with a felony '[s]hall be brought to trial within two hundred seventy days after the person's arrest.' This time period may be extended

for a number of reasons enumerated under R.C. 2945.72." *State v. McCormick,* 9th Dist. Summit No. 24516, 2009-Ohio-3169, ¶ 6. Therefore, to determine if the trial court erred in denying Mr. Thompson's motion to dismiss based on speedy trial grounds, this Court must review the entire record and "'determine the exact number of days that should have been tallied against the state[.]'" *Id.,* quoting *State v. Broughton*, 62 Ohio St.3d 253, 257 (1991).

{¶6} Unfortunately, the only transcript in the record on appeal is the transcript of Mr. Thompson's sentencing hearing. There are no transcripts of any pretrial hearings or status conferences. Additionally, we note that there is no entry in the record denying Mr. Thompson's motion to dismiss. Thus, we do not even have the benefit of knowing why the trial court denied Mr. Thompson's motion to dismiss. It appears that such may have happened on the record as part of Mr. Thompson's plea hearing. However, that transcript is not in our record either. Without the transcripts or the appropriate substitutes pursuant to the appellate rules, this Court cannot know whether there are additional tolling events that would be attributable to Mr. Thompson or whether he may have waived his right to a speedy trial in open court on the record. *See Ramey* at ¶ 18 ("To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record.") (Internal quotations and citation omitted.). Further this Court is unable to determine whether Mr. Thompson asserted below that his constitutional right to a speedy trial was also violated, as his motion to dismiss only discusses his statutory right.

{¶7} As noted above, particularly in speedy trial cases, this Court is required to review the entire record to determine if the trial court erred. *See McCormick* at ¶ 6; *see also State v. Ramey,* 132 Ohio St.3d 309, 2012-Ohio-2904, at ¶ 33 ("[A]n appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate

any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record.").

> An appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support the appellant's assignments of error. In the absence of such a record or a substitute statement of the evidence as permitted by App.R. 9(C) and (D), an appellate court must presume regularity in the trial court's proceedings and accept the validity of its judgment.

(Internal quotations and citations omitted.) *Akron v. Kulasa,* 9th Dist. Summit No. 19815, 2000 WL 353987, *4 (Apr. 5, 2000). Given the importance of the right to a speedy trial, this Court would obviously prefer to have a complete record so that it could review the issue on the merits and evaluate whether Mr. Thompson's rights have been violated. However, in light of the current state of the record, we are required to affirm the trial court's judgment.[1] *See id.* at *5. Accordingly, we overrule Mr. Thompson's assignments of error.

III.

{¶8} In light of the foregoing, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

---

[1] We note that nothing in this opinion should be read to foreclose Mr. Thompson's ability to file a motion to reopen pursuant to App.R. 26(B).

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

KANI HARVEY HIGHTOWER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.