[Cite as *State v. Greer*, 2014-Ohio-4544.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2014-A-0027** |
| JAMES T. GREER, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2013 CR 00214.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellant).

*Dean F. Topalof*, Ashtabula County Public Defender, Inc., 4817 State Road, Suite #202, Ashtabula, OH 44004 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Ashtabula County Court of Common Pleas. Appellant the State of Ohio appeals the trial court's granting of a motion to dismiss this case in its entirety against defendant-appellee James T. Greer for violating his statutory right to speedy trial. For the following reasons, we affirm.

{¶2} On May 16, 2013, a grand jury indicted Greer on one count of domestic violence in violation of R.C. 2919.25. As the indictment alleged that Greer had two

prior convictions of domestic violence, this charge of domestic violence constituted a third degree felony. A jury trial was originally scheduled for October 1, 2013; however, that trial was rescheduled for November 19, 2013. The trial was continued again and was eventually reset for May 13, 2014. On May 9, 2014, the trial court granted Greer's motion to dismiss. This appeal followed.

{¶3} As the sole assignment of error, the state asserts: "The trial court erred in granting appellee's motion to dismiss on the grounds that the state failed to bring the case to trial within the statutory time requirements of R.C. 2945.71."

{¶4} "When reviewing a defendant's claim that he was denied his right to a speedy trial, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact." *State v. Berner*, 9th Dist. Medina No. 3275-M, 2002-Ohio-3024, ¶5. R.C. 2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending: * * * (2) [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E), however states that "[f]or purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.72(H) provides that the speedy trial time will be tolled during "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." "A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, syllabus. Finally, R.C. 2945.72(D) states that "[a]ny period of delay occasioned by the neglect or improper act of the accused" tolls the speedy trial clock.

2

{¶5}    Greer was arrested on April 6, 2013.  He spent one day in jail before he posted bond.  Therefore, on April 7, 2013, three days on the speedy trial clock had expired.  From April 7 until June 5, Greer was out on bond and therefore 62 days had expired.  On June 5, Greer requested discovery and a bill of particulars.  Accordingly, the time is tolled until June 18 when the state submitted its discovery and bill of particulars.  From June 18 until July 2, Greer was out on bond, thereby increasing the amount of time expired to 76 days.  On July 2, Greer should have filed his reciprocal discovery, but failed to do so until August 1.  Due to Greer's neglect, his speedy trial clock was tolled during this time.  From August 1 until November 19, the date for which a trial was scheduled, Greer was out on bond which increased the amount of time expired to 186 days.  On November 19, the trial court sua sponte continued the case; however, there is no entry documenting or explaining the reasons for the continuance. The motion to dismiss was filed on April 24, 2014, thereby causing the speedy trial clock to toll.  The parties dispute how 156 days from November 19, 2013 until April 24, 2014 should be calculated.

{¶6}    The state maintains that the time from November 19, 2013 to April 24, 2014 should not count toward Greer's speedy trial clock because the granting of the continuance was reasonable.  According to the state, the trial court had another jury trial in *State v. Slocum* scheduled on November 19, 2013.  Therefore the state argues this case was continued due to the impossibility of having two trials before the same judge.  In order to demonstrate that two trials were scheduled on this day, the state produced a scheduling notice and the judgment entry from the *Slocum* case to the trial court at the hearing on the motion to dismiss.  Greer maintains that because the trial

3

court failed to journalize the sua sponte continuance, the time was never tolled. As this court explained in *State v. Stamper*, 102 Ohio App.3d 431, 441-42 (11th Dist.1995):

**{¶7}** "As appellant aptly notes, this court has consistently held that the running of the statutory time period can be tolled on the basis of a sua sponte continuance only when the trial court journalized an entry explaining the reasons for the delay. See, e.g., *State v. Knittel* (Feb. 21, 1992), 1992 Ohio App. LEXIS 747, Ashtabula App. No. 91-A-1599, unreported, 1992 WL 191980. There is some authority indicating that an explanation of the reasons for the sua sponte continuance is not needed when the reason is obvious from the record. See *State v. Terra* (1991), 74 Ohio App. 3d 189, 598 N.E.2d 753. However, these cases still indicate that a journal entry must be made *before* the time will be tolled."

**{¶8}** The state directs our attention to *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶33 where the Ohio Supreme Court noted that "an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record." However, reliance on *Ramey*, is insufficient for the state to succeed. As noted in *Stamper*, the lack of a journal entry indicating that the matter was being continued prevents the tolling from starting. Therefore, the 156 days at issue should be charged against the speedy trial clock, and consequently, the 270 window has been passed.

**{¶9}** Even if there were a journal entry continuing the matter, the neglect to this case made the delay of time in holding a trial unreasonable. At the hearing on the motion to dismiss, the trial court recounted various reasons why the trial could not be

4

rescheduled until "early January."  However, the trial court honestly admitted that "[t]he case should have been rescheduled in early January, and it wasn't.  Just why it wasn't, I'm not sure.  There's a lot of people that could have caught this but no one did."  Later on, the trial court remarked that it appeared this case "slipped through the cracks."  While the trial court should be commended for its honesty in an unfortunate situation, the trial court has admitted that after "early January" there was no justifiable reason for the trial to be continued.  Because a continuance by the trial court is subject to a reasonableness restriction under R.C. 2945.72(H), and there was no reasonable explanation for why the trial did not start in "early January," any time after "early January" must be taxed against the speedy trial clock.

{¶10}  Although it is not clear when "early January" ends, common sense dictates that January 16, the day after the middle of the month, is after "early January."  From January 16, 2014 to April 24, 2014, the date the motion to dismiss was filed, is 99 days.  Those 99 days added to the 186 expired days totals 285 days.  Therefore, even if the trial court's sua sponte continuance tolled the speedy trial clock initially, the tolling ended after "early January" and Greer's statutory speedy trial right was violated.

{¶11}  Accordingly, the sole assignment of error is without merit.

{¶12}  The judgment of the trial court is affirmed.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

5