[Cite as *State v. Butler*, 2014-Ohio-4679.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 14 CA 21 |
| JIMMY D. BUTLER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                Pleas, Case No.  13 CR 611

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         October 22, 2014

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellee

JOHN C. NIEFT                          JEFFREY P. UHRICH
ASSISTANT PROSECUTOR                   LAW OFFICE OF JEFFREY P. UHRICH
38 South Park Street                   Post Office Box 1977
Mansfield, Ohio  44902                 Westerville, Ohio  43086

*Wise, J.*

{¶1}   Appellant Jimmy D. Butler appeals his conviction and sentence entered in the Richland County Court of Common Pleas on one count of Assault on a Correction Officer, following a plea of no contest.

{¶2}   Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}   On September 9, 2013, Appellant Jimmy D. Butler was indicted by the Richland County Grand Jury on one count of Assault on a Correction Officer, in violation of R.C. 2903.13(A), a felony of the fifth degree. Appellant was arrested and incarcerated on the same date.

{¶4}   On September 17, 2013, Appellant entered a plea of Not Guilty.

{¶5}   On October 31, 2013, Appellant informed the court that he would be willing to change his plea. A change of plea hearing was set for November 27, 2013.

{¶6}   On November 27, 2013, at the change of plea hearing, Appellant refused to change his plea. At that time, Appellant's trial counsel informed the court that he was not prepared for the trial set for December 2, 2013, and requested a continuance. The trial court granted the continuance based upon Appellant's request, resetting the trial for January 27, 2014.

{¶7}   On December 18, 2013, Appellant filed a motion to dismiss arguing that his statutory right to a speedy trial had been violated under R.C. 2945.71. The State responded that Appellant tolled the time by his request pursuant to R.C. 2945.72(E). The trial court overruled the motion, stating that Appellant requested the continuance of his trial and the first available date the court had was January 27, 2014.

**{¶8}** On January 27, 2014, the trial commenced in this matter. During the trial, Appellant again requested to change his plea.

**{¶9}** On January 28, 2014, Appellant changed his plea to one of No Contest. Based on his plea of no contest, the trial court found Appellant guilty and placed him on community control with twelve months of suspended incarceration.

**{¶10}** Appellant now appeals to this Court, assigning the following error for review:

## ASSIGNMENT OF ERROR

**{¶11}** "I. THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT/ APPELLANT'S MOTION TO DISMISS AND FAILED TO DETERMINE THAT DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHT TO SPEEDY TRIAL WAS VIOLATED."

### I.

**{¶12}** In his sole Assignment of Error, Appellant argues that the trial court erred in denying his motion to dismiss. We disagree.

**{¶13}** Appellant's motion was based on a violation of his right to a speedy trial.

**{¶14}** The right to a speedy trial is a fundamental right of a criminal defendant that is guaranteed by the United States and Ohio Constitutions. Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 10; *State v. Ramey,* 132 Ohio St.3d 309, 2012–Ohio–2904, ¶ 14. In Ohio, an accused has a statutory right to a speedy trial. *State v. Jackson,* 9th Dist. Lorain No. 11CA010012, 2012–Ohio–3524, ¶ 8. Speedy trial statutes "constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor."

*State v. Pachay,* 64 Ohio St.2d 218 (1980), syllabus. Accordingly, "[t]he prosecution and the trial courts have a mandatory duty to try an accused within the time frame provided by the statute" and "[s]trict compliance with the statute is required." *Ramey* at ¶ 14. A person charged with a felony must be brought to trial within 270 days of his or her arrest and each day the accused is held in jail in lieu of bail will be counted as three days. R.C. 2945.71(C)(2); R.C. 2945.71(E). The accused's speedy trial clock begins to run on the day after arrest or service of summons. *State v. Szorady,* 9th Dist. Lorain No. 02CA008159, 2003–Ohio–2716, ¶ 12. "However, R.C. 2945.72 lists various events that will toll the running of the speedy-trial clock." *State v. Stevens,* 9th Dist. Lorain No. 11 CA009995, 2012–Ohio–4095, ¶ 5. "In addition to meticulously delineating the tolling events, the General Assembly jealously guarded its judgment as to the reasonableness of delay by providing that time in which to bring an accused to trial 'may be extended only by' the events enumerated in R.C. 2945.72(A) through (I)." *Ramey* at ¶ 24, quoting R.C. 2945.72. Thus, the " 'extensions are to be strictly construed, and not liberalized in favor of the state.' " *Ramey* at ¶ 24, quoting *State v. Singer,* 50 Ohio St.2d 103, 109 (1977).

{¶15} Under R.C. 2945.72, however, speedy-trial time may be tolled by several events, including the following:

{¶16} (D) Any period of delay occasioned by the neglect or improper act of the accused;

{¶17} (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

{¶18} * * *

**{¶19}** (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]

**{¶20}** Here, Appellant was arrested on September 13, 2013, and thus the speedy-trial clock began running September 14, 2013. During the entire pendency of the case, Appellant remained in jail and was thus entitled to the benefit of the triple-count provision in R.C. §2945.71(E), requiring that the case be tried within 90 days.

**{¶21}** The trial court initially set Appellant's trial date for December 2, 2013, 80 days from September 14, 2013, when the time began to run against the State.

**{¶22}** Between Sept. 14, 2013, and December 18, 2013, the day Appellant filed his motion to dismiss, 97 days elapsed. Thus, absent waiver or tolling events, Appellant was entitled to be discharged upon filing his motion to dismiss. *See* R.C.§ 2945.73(B).

**{¶23}** Next, we turn to examining whether there were any tolling events or waivers that would impact the running of the speedy trial time. Time ran from the day after Appellant's arrest on September 13, 2013, until the date of the change of plea hearing on November 27, 2013: 74 days. On that date, Appellant refused to change his plea and Appellant's counsel requested a continuance of the trial date scheduled for December 2, 2013. The trial court granted the continuance and re-set the trial date for January 27, 2014, its next available date. The speedy trial count tolled from November 27, 2013, chargeable to Appellant, as it was his counsel which requested the continuance. The time was still tolled when Appellant filed his motion to dismiss on December 18, 2014.

**{¶24}** Based on the foregoing, we find that the trial court properly denied Appellant's motion to dismiss.

**{¶25}**  Appellant's sole Assignment of Error is overruled.

**{¶26}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

JWW/d 1009