[Cite as *State v. Arledge*, 2014-Ohio-5054.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 14 CA 14 |
| SHANNON N. ARLEDGE | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No.  13 CR 429


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     November 12, 2014


APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant

GREGG MARX     SCOTT P. WOOD
PROSECUTING ATTORNEY     DAGGER, JOHNSTON, MILLER
JAMES A. DAVEY     OGILVIE & HAMPSON
ASSISTANT PROSECUTOR     144 East Main Street
239 West Main Street, Suite 101     Post Office Box 667
Lancaster, Ohio  43130     Lancaster, Ohio  43130

*Wise, J.*

**{¶1}** Appellant Shannon N. Arledge appeals her conviction and sentence entered in the Fairfield County Court of Common Pleas on one count of illegal manufacture of drugs, one count of illegal assembly or possession of chemicals for the manufacture of drugs and one count of tampering with evidence, following a plea of no contest.

**{¶2}** Appellee is State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶3}** On May 3, 2013, Appellant Shannon N. Arledge was indicted by the Fairfield County Grand Jury on one count of illegal manufacture of drugs, a felony of the second degree, in violation of R.C. §2925.04, one count of illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree, in violation of R.C. §2925.041, for conduct which allegedly occurred on April 25, 2013. This case was assigned Case Number 2013-CR-244. A jury trial was scheduled for July 30, 2013.

**{¶4}** Appellant was held in jail in lieu of bond. However, Appellant was also being held on an unrelated case.

**{¶5}** On May 6, 2013, Appellant requested discovery from the State in Case Number 2013-CR-244.

**{¶6}** On June 3, 2013, the State responded to Appellant's discovery request in case Number 2013-CR-244.

**{¶7}** On July 22, 2013, Appellant entered a plea In the unrelated case and was released from custody on that unrelated case. Therefore, as of July 22, 2013, Appellant was being held in jail only on Case Number 2013-CR-244.

**{¶8}** On July 30, 2013, the date scheduled for jury trial, an oral hearing was held, wherein Appellant requested that evidence disclosed late by the State be excluded from trial. Instead of excluding the evidence, the trial court *sua sponte* continued the jury trial. No Journal Entry was filed by the trial court regarding this continuance. A new jury trial date was scheduled for September 10, 2013.

**{¶9}** On September 4, 2013, the State moved for a continuance of the jury trial in Case Number 2013-CR-244.

**{¶10}** On September 6, 2013, while the State's Motion to Continue was still pending, the State indicted Appellant again for the same two offenses of illegal manufacturing of drugs and illegal assembly or possession of chemicals for the manufacture of drugs for the same conduct that occurred on April 25, 2013, and also for an additional charge of tampering with evidence for conduct that also allegedly occurred on April 25, 2013. This case was assigned Case Number 2013-CR-429, the underlying case in this appeal. A jury trial was scheduled for November 12, 2013.

**{¶11}** On September 11, 2013, Appellant requested discovery In Case Number 2013-CR-429.

**{¶12}** On September 12, 2013, the first indicted case, Case Number 2013-CR-244, was dismissed by the trial court upon motion of the State.

**{¶13}** On September 24, 2013, the State responded to Appellant's request for discovery in Case Number 2013-CR-429.

{¶14} On November 8, 2013, Appellant filed a Motion to Dismiss based on a violation of Appellant's statutory right to a speedy trial.

{¶15} On November 12, 2013, an oral hearing was held on Defendant's Motion to Dismiss. However, the State requested a continuance, which was granted by the trial court. A new hearing was scheduled for December 2, 2013.

{¶16} On November 27, 2013, the State again requested a continuance of the oral hearing on Defendant's Motion to Dismiss which was, again, granted by the trial court. A new hearing was scheduled for December 13, 2013.

{¶17} On December 13, 2013, an oral hearing was held on Defendant's Motion to Dismiss. After the hearing, the trial court took the matter under advisement.

{¶18} On December 17, 2013, the trial court overruled Defendant's Motion to Dismiss. A jury trial was scheduled for February 4, 2014.

{¶19} On December 24, 2013, Appellant filed a Request for Findings of Fact and Conclusions of Law with regard to the trial court's ruling on Defendant's Motion to Dismiss.

{¶20} On February 4, 2014, the trial court filed its Findings of Fact and Conclusions of law.

{¶21} On February 5, 2014, Appellant entered a no-contest plea to all three charges in the indictment and was sentenced by the trial court to a prison sentence.

{¶22} Appellant now appeals to this Court, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶23} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BASED ON A VIOLATION OF HER RIGHT TO A STATUTORY SPEEDY TRIAL."

### I.

{¶24} In her sole Assignment of Error, Appellant argues that the trial court erred in denying her motion to dismiss. We disagree.

{¶25} Appellant's motion was based on a violation of her right to a speedy trial.

{¶26} The right to a speedy trial is a fundamental right of a criminal defendant that is guaranteed by the United States and Ohio Constitutions. Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 10; *State v. Ramey,* 132 Ohio St.3d 309, 2012–Ohio–2904, ¶ 14. In Ohio, an accused has a statutory right to a speedy trial. *State v. Jackson,* 9th Dist. Lorain No. 11CA010012, 2012–Ohio–3524, ¶ 8. Speedy trial statutes "constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor." *State v. Pachay,* 64 Ohio St.2d 218 (1980), syllabus. Accordingly, "[t]he prosecution and the trial courts have a mandatory duty to try an accused within the time frame provided by the statute" and "[s]trict compliance with the statute is required." *Ramey* at ¶ 14. A person charged with a felony must be brought to trial within 270 days of his or her arrest and each day the accused is held in jail in lieu of bail will be counted as three days. R.C. 2945.71(C)(2); R.C. 2945.71(E). The accused's speedy trial clock begins to run on the day after arrest or service of summons. *State v. Szorady,* 9th Dist. Lorain No. 02CA008159, 2003–Ohio–2716, ¶ 12. "However, R.C. 2945.72 lists various events that

will toll the running of the speedy-trial clock." *State v. Stevens,* 9th Dist. Lorain No. 11CA009995, 2012–Ohio–4095, ¶ 5. "In addition to meticulously delineating the tolling events, the General Assembly jealously guarded its judgment as to the reasonableness of delay by providing that time in which to bring an accused to trial 'may be extended only by' the events enumerated in R.C. 2945.72(A) through (I)." *Ramey* at ¶ 24, quoting R.C. 2945.72. Thus, the " 'extensions are to be strictly construed, and not liberalized in favor of the state.' " *Ramey* at ¶ 24, quoting *State v. Singer,* 50 Ohio St.2d 103, 109 (1977).

{¶27} As stated above, under R.C. §2945.72, speedy-trial time may be tolled by several events, including the following:

{¶28} (D) Any period of delay occasioned by the neglect or improper act of the accused;

{¶29} (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

{¶30} * * *

{¶31} (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]

{¶32} In the instant case, the relevant time periods for speedy trial calculations are:

{¶33} May 3, 2013 – July 30, 2013 (date of indictment to jury trial date in Case No. 2013-CR-244);

**{¶34}** July 30, 2013 – September 24, 2013 (date discovery provided by State in Case No. 2013-CR-429); and

**{¶35}** September 24, 2013 – November 8, 2013 (date Appellant filed Motion to Dismiss);

**{¶36}** As to the first time period, May 3 - July 30, the parties claim 70 days elapsed and Appellant claims 76 days elapsed.

**{¶37}** As to the third time period, Sept. 24 - Nov. 8, the parties agree 135 days elapsed.

**{¶38}** The relevant time period at issue is therefore the second time period from July 30 – Sept. 24. The State claims that all but one calendar day was tolled due to the continuance of the jury trial in Case No. 2013-CR-244 on July 30, 2013. Appellant argues that the time between July 30 – Sept. 11, when it requested discovery, was not tolled and therefore 43 calendar days had elapsed. Using the triple count provisions, Appellant submits that 129 speedy trial days should be charged against the State during this time period. During the entire pendency of the case, Appellant remained in jail and was thus entitled to the benefit of the triple-count provision in R.C. §2945.71(E), requiring that the case be tried within 90 days.

**{¶39}** The focus of this appeal is whether the continuance of the jury trial on July 30, 2013, in Case No. 2013-CR-244, tolled the time in this case for speedy trial purposes. Upon review, we find that it did.

**{¶40}** Appellant argues that the continuance in this matter was granted *sua sponte. Sua sponte* continuances are continuances "granted other than upon the accused's own motion." Pursuant to R.C. §2945.72(H) a court may grant a continuance

upon its own initiative as long as it is reasonable. This provision has been interpreted to permit courts to *sua sponte* continue an accused's trial beyond the time limit prescribed by R.C. §2945.71, but only when reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit. *State v. Mincy* (1982), 2 Ohio St.3d 6, 9, 2 OBR 282, 441 N.E.2d 571.

**{¶41}** Upon review of the transcript from the July 30, 2013, oral hearing, we find the continuance in this matter was actually necessitated by Appellant's motion to exclude evidence.

**{¶42}** The trial court had a conference with counsel in chambers the day before the scheduled trial in this matter. The following day, July 30, 2013, the day scheduled for the jury trial to begin, the trial court held an oral hearing on the discovery issues raised during the "in chambers" conference. The transcript of the oral hearing contains the following exchange:

MR. WOOD: Thank you, Your Honor. I did ask for a meeting yesterday to discuss some discovery issues. As indicated yesterday in chambers…We got the original discovery response June 3rd and the first supplement June 17th.

"Then in the last 13 days, we have received a tremendous amount of discovery. Beginning with July 17th, we got the NPLEX records, six days ago, July 24th, two more witnesses were disclosed. July 25th, five days ago, five witnesses were disclosed without names…

So over the last 13 days, the Defense has received a tremendous amount of discovery, specifically the last six days. And so yesterday, I

asked the Court to exclude all evidence from trial that was disclosed within the last seven days, the last week. And that was the issue I brought before the Court.

THE COURT: When did you receive the NPLEX records?

MR. WOOD: The NPLEX records were 13 days ago, July 17th.

THE COURT: Okay. So you're not asking that those be - - -

MR. WOOD: I think two weeks before trial is reasonable. I put the cut-off at - - a week before trial is where I'm asking the Court to draw the line.

THE COURT: Okay. Thank you, Mr. Wood. (T. at 4-6).

…

MR. KELLY: …We think that the Court, as it stated yesterday, followed the requirement that the least restrictive sanction be imposed and granted the Defendant a continuance to have time to hear the jail calls. …

And so we agree with the Court that a continuance is the least restrictive sanction and ask that we be allowed to introduce that evidence when this case is reset, …

THE COURT: In the interest of justice, the Court is going to continue the jury trial in this case to a later date. (T. at 7- 8).

**{¶43}** Based on the foregoing, we find that the delay caused by Appellant's request for exclusion of evidence is addressed by R.C. §2945.72(E), while a trial court's *sua sponte* continuance is the subject of R.C. 2945.72(H). *Mincy* applies to sua sponte continuances under R.C. §2945.72(H), not to delays caused by a defendant's own motion under R.C. §2945.72(E). The time requirement that *Mincy* imposes prevents

attempts to revive the statutory speedy-trial time after it has expired. The journalization of reasons is necessary to permit the appellate court to determine whether, on the accused's claim that his statutory speedy-trial rights were violated, the period of delay resulting from the sua sponte continuance was nevertheless "reasonable." R.C. §2945.72(H). That reasonableness requirement distinguishes R.C. 2945.72(H) from R.C. §2945.72(E), which instead requires that the period of delay be "necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused."

{¶44} "When a period of delay resulting from a continuance follows and has an apparent connection with a motion or other action of the accused, the presumption of regularity creates a corresponding presumption that the period of delay was "necessitated" for purposes of R.C. 2945.72(E). In that circumstance, the court is not required to also journalize an order making that finding. An accused who claims that his speedy-trial rights were nevertheless violated bears the burden to rebut the presumption by demonstrating that the period of delay was not necessitated by his own motion or action. It is not sufficient merely to point out that his statutory speedy-trial time otherwise expired." *State v. Marbury*, 192 Ohio App.3d 210, 2011-Ohio-879.

{¶45} "The distinction appears to be based upon the greater opacity of *sua sponte* continuances, which descend upon a defendant out of the blue. When an action taken by a defendant makes it reasonably necessary for a delay, that necessity should be apparent, although a trial court must still find the delay to have been reasonably necessary if the defendant moves to dismiss upon speedy-trial grounds." *Id.*

**{¶46}** In the present case, Appellant's request for exclusion of evidence based on discovery issues made the day before the scheduled trial necessitated the period of delay in this matter, thereby tolling his statutory speedy-trial time pursuant to R.C. §2945.72(E).

**{¶47}** Based on the foregoing, we find that the trial court did not err in denying Appellant's motion to dismiss in this matter.

**{¶48}** Appellant's sole Assignment of Error is overruled

**{¶49}** For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

JWW/d 1104