JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals the trial court's dismissal of the case against defendant-appellee Francisco Borrero for failure to comply with the speedy trial statute. On May 1, 2002, defendant was arraigned on two counts of drug trafficking, one count of drug possession, and one count of possessing criminal tools. Not in jail initially after his arraignment, he failed to appear for a July 9, 2002 pretrial. The court issued a capias for him, and he was arrested on August 13, 2002. He remained in jail until January 31, 2003, when he was released on a personal bond. Between August 13 and January 31, defendant had spent 171 days in jail.
 {¶ 2} Prior to being jailed, defendant had filed a discovery request on May 8, 2002, along with a request for a Bill of Particulars. The state responded to both requests on May 21st
and attached its own discovery requests to that response. Defendant never responded to the state's discovery requests.
 {¶ 3} The first pretrial was held on May 15th and continued, at defendant's request, until May 23rd. That pretrial was held and again continued until June 6 at defendant's request. On June 11, 2002, the state supplemented its discovery response to defendant. The June 6th pretrial was held and continued, at defendant's request, until June 24th and the June 24th pretrial was held and continued, again at defendant's request, until July 9th. As previously noted, defendant did not appear at the July 9th pretrial and a capias was issued against him. He was arrested and held on August 13th.
 {¶ 4} The record shows no activity on the case until a pretrial held on January 31, 2003, at which time the court released defendant and continued the pretrial until February 3, 2003 "at the request of the state and the court." On February 3, 2003, the court issued an order stating, "defendant to file motion to dismiss on grounds of speedy trial on or before February 10, 2003. state to respond on or before February 18, 2003. set for hearing on speedy trial on February 24, 2003." (Caps in original.)
 {¶ 5} After reading the motions and holding the hearing, the court granted defendant's motion to dismiss, saying in pertinent part, "The statute does not recognize the tolling of time on motions filed by the state. It is only on filing of motions by the defendant that would toll time. See state v. Brown (Dec. 23, 2002, 198 Ohio ST3 121 [sic]." The state timely appealed stating two assignments of error, which are interrelated and will be addressed together:
The trial court erred in granting defendant's motion to dismiss because speedy trial time was tolled pursuant to R.C. 2945.72(E) by the defense filing of discovery motions.
The trial court erred in granting defendant's motion to dismiss because speedy trial time was tolled pursuant to R.C. 2945.72(D) by the neglect of the defendant in failing to answer the state's motion for discovery.
 {¶ 6} The state argues that the trial court miscalculated the amount of speedy trial time which was tolled, because the trial court did not toll the time following the state's discovery requests to defendant. The state argues first that the speedy trial time was tolled from the time defendant filed his discovery request of the state until defendant answered the state's discovery requests pursuant to section (E) of the statute. Alternatively, the state argues that defendant's failure to respond to the state's discovery requests tolled the time under section (D) of the statute and resulted in a delay charged to defendant.
 {¶ 7} When reviewing a speedy trial question, the appellate court must count the number of delays chargeable to each side and then determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71. State v. Barnett, Fayette App. No. CA2002-06-011, 2003-Ohio-2014. The question of whether the trial court's ruling on the speedy trial question was correct is a mixed question of law and fact. Id. The appellate court gives due deference to the trial court's findings of fact so long as those findings are supported by competent, credible evidence. Id. Nonetheless, the appellate court must review whether the court applied the law to the facts properly. Id. Finally, this court must construe the statutes strictly against the state when reviewing the legal issues in a speedy trial claim. Brecksvillev. Cook (1996), 75 Ohio St.3d 53.
 {¶ 8} The statutes governing speedy trial are found in Chapter 2945 of the Revised Code. The amount of time allocated for a speedy trial is found in R.C. 2945.71, which states in pertinent part:
(C) A person against whom a charge of felony is pending:
* * *
(2) Shall be brought to trial within two hundred seventy days after the person's arrest.
* * *
(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *
 {¶ 9} A defendant may be incarcerated, therefore, for a maximum of 90 days unless the time is tolled by one of the exceptions listed in R.C. 2945.72, which states in pertinent part:
The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
* * *
(D) Any period of delay occasioned by the neglect or improper act of the accused;
(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made orinstituted by the accused * * *. (Emphasis added.)
 {¶ 10} The Ohio Supreme Court recently ruled that "a demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." State v. Brown (2002),98 Ohio St.3d 121; 2002-Ohio-7040, _26. In Brown, however, the Court addressed the effect of only the defendant's demand for discovery on the speedy trial time. It did not address a situation in which the defendant's failure to respond to the state's request was the cause of the delay.
 {¶ 11} This court, on the other hand, has addressed that issue and held that speedy trial time is tolled while the state awaits responses to its discovery requests, pursuant to Crim.R. 16(C). In one case this court held that "[defendant] never responded to the state's demand for discovery which triggered R.C. 2945.72(D) `[a]ny period of delay occasioned by the neglect or improper act of the accused' and tolled the statute once again. Thus, the delay is due principally to [defendant's] motions and neglect in failing to answer the state's demand for discovery. [Defendant] can hardly ignore a lawful request for information, and then claim that she was not timely tried caused by her own motions [for a pretrial and also for a bill of particulars] and neglect." Chagrin Falls v. Vartola (Apr. 2, 1987), Cuyahoga App. Nos. 51571 and 51572, 1987 Ohio App. LEXIS 6926, at *4.
 {¶ 12} In State v. Christopher (Dec. 1, 1988), Cuyahoga App. No. 54331, 1988 Ohio App. LEXIS 4732, this court explained that the state's request for discovery "tolled the statutory time even further under R.C. 2945.72(H) as a `continuance granted other than on the accused's own motion.'" Id. at *11, citingVartola, supra. Other courts have agreed that the time continues to be tolled until defendant supplies the requested discovery information. State v. Litteral (Jan 4, 1999), Fayette App. No. CA98-02-022; State v. Stewart (Sept. 21, 1998), Warren App. No. CA98-03-021; State v. Larsen (Mar. 22, 1995), Medina App. No. C.A. No. 2363-M.
 {¶ 13} It is understandable why the defendant's failure to respond to the state's request for discovery is a tolling event. The reasoning is the same, no matter who requests the discovery. Ruling that a defendant's requests for discovery and motions for bills of particular are tolling events, the Ohio Supreme Court explained as follows: "If no tolling is permitted, a defendant could attempt to cause a speedy trial violation by filing discovery requests just before trial. Courts could grant case-by-case exceptions, but would then be in the unenviable position of deciding how close to trial is too close to request additional discovery. Further, prosecutors could be forced to make hurried responses to discovery requests to avoid violating the speedy trial statute. We conclude that allowing a defendant's discovery requests to toll the running of the speedy trial period is the most sensible interpretation of R.C. 2945.72(E)." Statev. Brown, 2002-Ohio-7040. The same argument applies to the failure of the defendant to respond to the state's discovery requests. Defendant is still in control of the timing.
 {¶ 14} Although we do not disagree with the dissent's well-stated objection to defendant's languishing in jail while no activity occurred in his case, and we acknowledge that clearly both the state and defendant's attorney were responsible for the delay, we are reluctant to allow these facts to make bad law. We agree that defendant is the only person who will pay for his attorney's and the state's neglect and that this outcome is reprehensible. Nonetheless, to rule that a defendant could delay responding to discovery until the eve of trial and then use the state's lack of preparation to his own advantage would set an impractical precedent.
 {¶ 15} Unfortunately, the Criminal Rules do not require the prosecutor to file a motion to compel discovery in an instance of defendant's neglect. If that were the case, we would readily construe the time against the state.
 {¶ 16} In the case at bar, defendant has yet to provide the requested discovery. Defendant was not arrested until August 13, 2002. Thus the speedy trial period did not begin until August 13, 2002. However, as soon as it began, it was tolled by the state's request for discovery previously filed on May 21, 2003 and unanswered. Since the defendant did not complete the state's discovery request upon him before he was released — indeed he never completed this request — defendant has no claim for a violation of his speedy trial right.
 {¶ 17} Following the precedent of this court in Vartola andChristopher, we find that the speedy trial time was tolled from defendant's request of May 8, 2002 until the time of the February 24, 2003 hearing on the motion to dismiss for lack of speedy trial, because defendant failed to respond to the state's discovery requests. Defendant's failure to answer the state's requests resulted in a delay caused by his own neglect, triggered R.C. 2945.72(D), and thus tolled the speedy trial time.
 {¶ 18} Judgment is reversed and the case remanded for further proceedings consistent with this opinion.
 {¶ 19} This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sean C. Gallagher, J., concurs.
Timothy E. McMonagle, J., Dissents with separate dissentingopinion.