[Cite as *State v. Stoddard*, 2020-Ohio-893.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

WILLIAM J. STODDARD

    Appellant

C.A. No.     29428

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2017-11-4022

DECISION AND JOURNAL ENTRY

Dated: March 11, 2020

HENSAL, Judge.

{¶1}    William Stoddard appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses the trial court's judgment, and vacates Mr. Stoddard's conviction.

I.

{¶2}    This criminal appeal raises issues related to the weight of the evidence presented at trial, and to Mr. Stoddard's right to a speedy trial. Because this appeal is resolved based upon a violation of the latter, this Court will forgo a recitation of the underlying facts, and will instead focus on the relevant procedural history.

{¶3}    The police arrested Mr. Stoddard on November 6, 2017, and a grand jury charged him with one count of burglary in violation of Revised Code Section 2911.12(A)(3), a felony of the third degree. R.C. 2911.12(D). At his arraignment on December 1, 2017, Mr. Stoddard pleaded not guilty and was released on bond. After Mr. Stoddard failed to appear in court, the

trial court revoked Mr. Stoddard's bond on March 1, 2018, and issued a capias. Mr. Stoddard was re-arrested on August 23, 2018, and the trial court reinstated the case to its active docket the following day. It then set the trial date as October 11, 2018.

{¶4} On October 1, 2018, Mr. Stoddard requested a bill of particulars. Then, on October 11, 2018 (the trial date), Mr. Stoddard's counsel moved to withdraw as counsel. The trial court granted Mr. Stoddard's counsel's motion, and vacated the trial date. On October 19, 2018, Mr. Stoddard's new counsel filed a notice of appearance and a demand for discovery.

{¶5} The trial court held a status hearing on October 29, 2018, and set a new trial date for November 27, 2018. On November 27, 2018, however, the trial court continued the trial based upon a scheduling conflict with *State v. Springfield*, another criminal case set for trial that same day. Three days later, the trial court issued a journal entry indicating that – at the request of defense counsel – the trial was being continued until January 8, 2019. The journal entry also indicated that, pending verification of a home address, Mr. Stoddard would be released on bond.

{¶6} At a status hearing on December 10, 2018, the trial court indicated that it would not be releasing Mr. Stoddard on bond because it could not verify a legitimate home address, and clarified that the prior continuance was a result of the trial court's unavailability, not Mr. Stoddard's counsel's request. The parties then discussed the speedy-trial issue, and the trial court inquired of the State when the case needed to be set for trial. The State indicated that the revocation of Mr. Stoddard's bond restarted the speedy-trial clock, which began to run again the day after Mr. Stoddard's re-arrest, i.e., on August 24, 2018. The State also indicated that the time between when Mr. Stoddard's counsel withdrew and his new counsel filed a notice of appearance (i.e., October 11, 2018 to October 19, 2018) tolled the speedy-trial clock. Lastly, the State indicated that the trial court's continuance of the trial date based upon its unavailability

tolled the time until the court's next available trial date (i.e., November 27, 2018 to January 8, 2019). According to the State's calculation, the January 8, 2019 trial date was within the speedy-trial window. Mr. Stoddard's counsel did not challenge the State's calculation in this regard.

{¶7} On January 8, 2018, the scheduled trial date, Mr. Stoddard moved to dismiss the case based upon a violation of his right to a speedy trial. The trial court held a hearing on the motion on February 11, 2019, and denied the motion on March 12, 2019. Mr. Stoddard's three-day trial began on March 12, 2019, and resulted in a verdict of guilty. He now appeals, raising two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO A SPEEDY TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION[.]

{¶8} In his first assignment of error, Mr. Stoddard argues that the trial court violated his right to a speedy trial. This Court agrees.

{¶9} "When reviewing an assignment of error raising a violation of a criminal defendant's right to a speedy trial, this court reviews questions of law de novo." *State v. Bennett*, 9th Dist. Summit No. 21121, 2003-Ohio-238, ¶ 5. We must accept the factual findings of the trial court, however, "if they are supported by some competent, credible evidence." *Id.*

{¶10} Section 2945.71(C)(2) provides that a person who is accused of a felony shall be brought to trial within 270 days. Because Mr. Stoddard was held in jail during the pretrial period, each day counted as three for speedy-trial purposes. R.C. 2945.71(E). Acknowledging that "some degree of flexibility is necessary," the General Assembly has "allowed for extensions of the time limits for bringing an accused to trial in certain circumstances." *State v. Ramey*, 132

Ohio St.3d 309, 2012-Ohio-2904, ¶ 24. "Accordingly, R.C. 2945.72 contains an exhaustive list of events and circumstances that extend the time within which a defendant must be brought to trial." *Id.*

{¶11} Relevant to this appeal, Section 2945.72 provides, in part, that "[t]he time within which an accused must be brought to trial * * * may be extended * * * by * * * [a]ny period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law[.]" R.C. 2945.72(C). It further provides that the time may be extended by "the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(H). Extensions under Section 2945.72 "are to be strictly construed, and not liberalized in favor of the state." *Ramey* at ¶ 24, quoting *State v. Singer*, 50 Ohio St.2d 103, 109 (1977). If a defendant is not brought to trial within the time required under Sections 2945.71 and 2945.72, then the defendant, "[u]pon motion made at or prior to the commencement of trial, * * * shall be discharged[.]" R.C. 2945.73(B).

{¶12} Mr. Stoddard acknowledges that the speedy-trial clock began to run the day after he was re-arrested, i.e., on August 24, 2018. He asserts that it continued to run until he requested a bill of particulars on October 1, 2018. At that point, he asserts, 117 days (39 days times 3) had elapsed for speedy-trial purposes. He also asserts that the 24 days (8 days times 3) between when his trial counsel withdrew and when he retained new counsel (i.e., October 11, 2018 to October 19, 2018) counted toward his speedy-trial time, totaling 141 days out of the allowed 270 days. Mr. Stoddard concedes that the time between October 2, 2018 and October 10, 2018 – during which his request for a bill of particulars remained pending but before his counsel withdrew – did not count toward his speedy-trial time. He also concedes that his request for

discovery on October 19, 2018 was a tolling event, and acknowledges that discovery was completed on November 7, 2018. He argues that the 63 days (21 days times 3) between November 7, 2018 and November 27, 2018 (the scheduled trial date) counted toward his speedy-trial time, totaling 204 days for speedy-trial purposes. He then argues that the 126 days (42 days times 3) between November 27, 2018 (the scheduled trial date) and January 8, 2019 (the re-scheduled trial date) counted toward his speedy-trial time because he did not request a continuance. He further argues that the reason for the continuance (i.e., the trial court's unavailability due to a scheduling conflict with *State v. Springfield*) was not factual because Mr. Springfield pleaded guilty on November 26, 2018, the day before the trial court continued his (Mr. Stoddard's) trial based upon its alleged unavailability. He concludes that a total of 330 days passed at that point, violating his right to a speedy trial.

{¶13} In response, the State argues that the time during which Mr. Stoddard was unrepresented by counsel was tolled pursuant to Section 2945.72(C). Regarding the continuance from November 27, 2018 until January 8, 2019, the State argues that Mr. Stoddard requested that continuance or, at a minimum, his counsel acquiesced to it, and that it was a reasonable continuance. The State, therefore, argues that the time between November 27, 2018 and January 8, 2019 was tolled for speedy-trial purposes. Because this latter issue is dispositive, this Court will address it first.

{¶14} This Court has acknowledged that "[a] trial court may continue a trial date without violating a defendant's right to a speedy trial if the purpose and length of the continuance are reasonable." *State v. Brewer*, 9th Dist. Lorain No. 14CA010608, 2016-Ohio-5366, ¶ 10; *see* R.C. 2945.72(H) (tolling the time for reasonable continuances granted "other than upon the accused's own motion[.]"). This includes continuances based upon a trial court's

scheduling and docketing conflicts. *State v. Glass*, 3d Dist. Auglaize No. 2-04-01, 2004-Ohio-4402, ¶ 11 ("Scheduling and docketing conflicts have been held to be reasonable grounds for extending an accused's trial date beyond the speedy trial limit[.]"). "If a trial court grants a continuance *sua sponte*, not only must the continuance be reasonable, but it must also be accompanied by a journal entry made prior to the expiration of the statutory speedy trial time limit." *City of Akron v. Robinson*, 9th Dist. Summit No. 20674, 2002 WL 498173, *2 (Apr. 3, 2002), citing *State v. Mincy*, 2 Ohio St.3d 6 (1982), syllabus. "The journal entry must also explain the trial court's reasons for granting the continuance." *Id.* Nonetheless, "an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record." *Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, at ¶ 33; *see also State v. Roth*, 9th Dist. Lorain No. 17CA011083, 2018-Ohio-2564, ¶ 13.

{¶15} At the hearing on Mr. Stoddard's motion to dismiss, Mr. Stoddard's counsel indicated that Mr. Stoddard's family informed him that Mr. Springfield had pleaded guilty on November 26, 2018, the day before the trial court continued his (Mr. Stoddard's) trial based upon its alleged unavailability. Mr. Stoddard's counsel submitted the journal entry reflecting Mr. Springfield's plea as an exhibit. In response, the prosecutor asserted that she did not recall Mr. Springfield entering into a plea, but offered no evidence to rebut Mr. Stoddard's claim that Mr. Springfield did so prior to the trial court continuing his (Mr. Stoddard's) trial. The trial court did not address this issue at the hearing, nor in its journal entry denying Mr. Stoddard's motion to dismiss.

{¶16} This Court's review of the record supports Mr. Stoddard's position that the trial court continued the trial date from November 27, 2018 until January 8, 2019 based upon its

unavailability due to a scheduling conflict with *State v. Springfield*. While the trial court's journal entry following the hearing on November 27, 2018 did indicate that Mr. Stoddard requested the continuance, the trial court subsequently clarified that the continuance was based upon its unavailability. This Court, therefore, rejects the State's contention that Mr. Stoddard requested the continuance.

{¶17} Further, as Mr. Stoddard argues, the record reflects that the purported scheduling conflict with *State v. Springfield* resolved prior to the trial court continuing Mr. Stoddard's trial. Regarding the State's contention that Mr. Stoddard's counsel acquiesced to the continuance, this Court has concerns over a criminal defendant's counsel's ability to acquiesce to a trial court's sua sponte continuance when the record reflects that the basis of that continuance – unbeknownst to the defendant – is erroneous. Regardless, Mr. Stoddard's counsel consistently maintained that Mr. Stoddard wished to have his trial, and that he was ready to try the case, including on the day the trial court continued the trial (i.e., on November 27, 2018). At the status hearing on December 10, 2018, the parties addressed the speedy-trial issue, and the State calculated the time remaining. That calculation, however, assumed that the continuance from November 27, 2018 until January 8, 2019 was due to the trial court's unavailability and, therefore, did not count toward Mr. Stoddard's speedy-trial time. This Court cannot say that the fact that Mr. Stoddard's counsel indicated he was available for trial on the court's next available trial date (i.e., on January 8, 2019) amounted to acquiescence under these facts.

{¶18} The record before this Court indicates that Mr. Stoddard remained in jail from August 24, 2018 until January 8, 2019. Even assuming without deciding that the time between

October 1, 2018 (when Mr. Stoddard requested a bill of particulars) and November 7, 2018[1] (when discovery was completed) was tolled, Mr. Stoddard was not brought to trial within 270 days (with each day counting as three under Section 2945.71(E)) of his re-arrest. More specifically, 38 days elapsed between August 24, 2018 (the day after Mr. Stoddard's re-arrest), and October 1, 2018 (the day Mr. Stoddard requested a bill of particulars); and 62 days elapsed between November 7, 2018 (the day discovery was completed) and January 8, 2019 (the day Mr. Stoddard moved to dismiss the case based upon a violation of his speedy-trial rights), totaling 100 days or, under the triple-count provision, 300 days. Because the record before this Court provides no legitimate, journalized reason for the trial court's sua sponte continuance of the trial date, nor does the record otherwise affirmatively demonstrate the reasonableness of the continuance, we conclude that the trial court's continuance of the trial date from November 27, 2018 until January 8, 2019 did not extend the speedy-trial time. *See Robinson*, 2002 WL 498173, at *3, citing *Mincy*, 2 Ohio St.3d 6 (1982) ("Without a journal entry containing the trial court's reasons for the continuance, this continuance does not extend the speedy trial time."); *Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, at ¶ 33 (requiring that, in the absence of an expressly enumerated reason justifying the delay, the record must otherwise affirmatively demonstrate the reasonableness of the continuance). Accordingly, this Court concludes that the trial court erred by denying Mr. Stoddard's motion to dismiss. Mr. Stoddard's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE VERDICT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

---

[1] This time period encompasses the time during which Mr. Stoddard was unrepresented by counsel (i.e., from October 11, 2018 to October 19, 2018).

{¶19} In his second assignment of error, Mr. Stoddard argues that his conviction was against the manifest weight of the evidence. In light of this Court's resolution of Mr. Stoddard's first assignment of error, this assignment of error is now moot, and is overruled on that basis. *See* App.R. 12(A)(1)(c).

### III.

{¶20} Mr. Stoddard's first assignment of error is sustained. Mr. Stoddard's second assignment of error is overruled as moot. Mr. Stoddard's conviction is vacated. The judgment of the Summit County Court of Common Pleas is reversed and this case is remanded to the trial court.

Judgment reversed,
conviction vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant
Prosecuting Attorney, for Appellee.