[Cite as *State v. Hall*, 2022-Ohio-3501.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No.  E-21-039

      Appellee                              Trial Court No.  2019-CR-0459

v.

Demetrius Hall                                  **DECISION AND JUDGMENT**

      Appellant                             Decided:  September 30, 2022

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Loretta Riddle, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Demetrius Hall, appeals the September 10, 2021

judgment of the Erie County Court of Common Pleas which, following a jury trial

finding him guilty of aggravated murder, murder, and tampering with evidence,

sentenced him to a life sentence with parole eligibility after 33 years. Because we find that appellant's speedy trial rights were not violated, we affirm.

## I. Facts and Procedural History

{¶ 2} On December 19, 2019, appellant was indicted on charges stemming from the December 8, 2019 stabbing death of C.S. at the Golden Corral restaurant in Sandusky, Erie County, Ohio. It is undisputed that appellant was incarcerated from the time of the indictment until trial. On January 2, 2020, the state filed a motion to amend the indictment; it was amended and served on January 8. On January 23, 2020, appellant's counsel filed an appearance. On January 29, 2020, he entered not guilty pleas to the charges.

{¶ 3} On February 4, 2020, appellant made a discovery demand. The state filed its response on February 7, 2020, and a reciprocal demand for discovery. On February 14, 2020, appellant filed a motion for a continuance to complete discovery. Supplemental discovery was filed by the state on February 18, 2020. The court rescheduled the pretrial for March 17, 2020.

{¶ 4} During the course of the proceedings, several administrative orders were filed addressing the COVID-19 pandemic. The orders filed on March 13, April 14, and December 17, 2020, and March 1, 2021 acted to continue all pending civil and criminal trials until March 29, 2021. The orders specifically stated:

2.

(5) With regard to criminal matters, due to the Court's reduced ability to obtain an adequate panel of prospective jurors during this public health crisis, and the inability of the Court to function at normal capacity being at risk (1) the Governor's orders to restrict the amount of people at gatherings that hinders the Court from securing jury pools, and (2) Ohio Supreme Court Chief Justice's advisements/concerns about conducting Court proceedings during the pandemic, the time period of continuances implemented by this General Order will be excluded under the Speedy Trial Act and R.C. §2945.71.

{¶ 5} While under the COVID-19 pandemic orders on May 19, 2020, appellant requested and was granted a continuance based upon counsel's receipt of "voluminous" supplemental discovery from the state. The matter was set for a pretrial on June 16, 2020, as requested.

{¶ 6} Following the pretrial, on June 30, the state filed a motion requesting an immediate pretrial in order "to preserve the integrity of the record regarding speedy trial time." The following day, appellant's counsel filed a motion for a competency and sanity evaluation. The motion requested that if the evaluation is ordered, the matter reconvene in 30-45 days. The motion was granted and the next hearing set for August 4, 2020.

{¶ 7} On September 30, 2020, appellant's counsel's request for leave to withdraw was granted. Appellant had applied for and was appointed a public defender.

3.

{¶ 8} Appointed counsel entered a notice of appearance on October 21, 2020, and on October 24, filed a request for discovery. On October 28, 2020, the trial court ordered the rescheduling of a pretrial hearing because "defendant needs discovery as it was not turned over by prior counsel." The pretrial was rescheduled for November 24, 2020.

{¶ 9} On December 2, 2020, on the court's own motion and "due to the Covid-19 Pandemic," the matter was continued for pretrial on December 19, 2020. The court found that the speedy trial time was tolled. On December 13, 2020, appellant's counsel filed a motion to continue the pretrial stating that he intended to file a motion for a psychiatric evaluation. The motion was granted and the matter was set for pretrial on February 9, 2021. On March 3, 2021, appellant's counsel's written request for a continuance of the February 9 pretrial in order to secure a psychological reevaluation and continue discovery was filed. Appellant signed the form acknowledging a waiver of his speedy trial rights. The matter was continued to May 4, 2021, time was tolled.

{¶ 10} On April 6 and 26, 2021, appellant filed several pro se motions including discovery requests and an objection to the time being tolled under the COVID-19 pandemic orders.

{¶ 11} On May 4, 2021, the court, on its own motion ordered a continuance to May 25, 2021, due to the court's unavailability caused by a scheduling conflict. At the May 25, 2021 pretrial, appellant again expressed dissatisfaction with the course of discovery and the tolling due to the pandemic. On that date, defense counsel's request for funds to hire an investigator was granted. The matter was set for trial on August 24,

4.

2021, with the court indicating that the speedy trial time was tolled. Following appellant's trial and sentencing, he commenced this appeal.

## II. Assignments of Error

Assignment of Error No. I: Mr. Hall was denied his constitutional right to a speedy trial.

Assignment of Error No. II: Mr. Hall received ineffective assistance of counsel.

## III. Discussion

{¶ 12} In appellant's first assignment of error he argues that he was unconstitutionally confined for 411 days prior to the trial in this matter. Initially we note that under R.C. 2945.73(B), an accused is required to make a motion to dismiss based on a speedy-trial violation "at or prior to the commencement of trial[.]" If no motion is filed, we review the issue under a plain error analysis. *State v. Mills*, 6th Dist. Williams No. WM-09-014, 2010-Ohio-4705, ¶ 18, citing *State v. Conkright*, 6th Dist. Lucas No. L-06-1107, 2007-Ohio-5315, ¶ 20. Because appellant did not file a motion in the trial court, our review is limited to plain error. Plain error is an error that affects an appellant's substantial rights. Crim.R. 52(B). Plain error should be found "only in exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

5.

{¶ 13} Pursuant to R.C. 2945.71(C)(2), a person with a pending felony charge "[s]hall be brought to trial within two hundred seventy days after the person's arrest" Further, each day in confinement "in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).

{¶ 14} Under R.C. 2945.72, the time by which an accused must be brought to trial may be tolled under a variety of circumstances, including:

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

* * *

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

* * *

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion; * * *.

{¶ 15} Using the dates set forth above, appellant's pretrial incarceration spanned December 19, 2019, until August 23, 2021, a total of 613 days, or 1,819 days under the triple-count provision. However, several tolling events occurred between the time of appellant's arrest on the charges until the start of trial including multiple continuance requests, requests for competency evaluations, a request for an investigator, and a change of counsel.

{¶ 16} By far, the longest tolling period occurred during the COVID-19 pandemic orders. The court halted all civil and criminal trials from March 13, 2020, until March 31, 2021, or a total of 383 days. Appellant does not assign error to the tolling period necessitated by the pandemic orders. We agree that delays associated with the COVID-19 pandemic toll the speedy trial clock. *State v. Williams*, 6th Dist. Lucas No. L-21-1111, 2022-Ohio-2439, ¶ 45, citing *State v. Wright*, 6th Dist. Lucas No. L-21-1101, 2022-Ohio-143, ¶ 37; 2020 Ohio Atty.Gen.Ops. No. 2020-002.

{¶ 17} We further note that during this time, and evidenced above, the parties continued to exchange discovery, two competency examinations were requested (only one was completed due to restricted access to the jail), a request was made and granted allowing state funds to hire an investigator, and appellant retained new counsel. The case did not stagnate under the pandemic orders.

7.

{¶ 18} Appellant claims that he was unconstitutionally denied his right to a speedy trial based on the dates of December 19, 2019, until February 4, 2020 (46 days x 3= 138) and May 25, 2021 until August 23, 2021 (91 days x 3= 273) for a total of 411 days.

{¶ 19} We agree that between appellant's indictment, December 19, 2019, and arraignment, January 28, 2020, 40 days elapsed or 117 days. From January 29 until discovery request of February 4 – 19 days were charged to the state. Thus, thus a total of 138 days is chargeable to the state.

{¶ 20} Once the pandemic orders were lifted, on May 4, 2021, the court, on its own motion, continued the matter to May 25, 2021, due to a scheduling conflict with the court. The order indicated that the speedy trial time was tolled. We note that the court is permitted to grant a reasonable continuance based on a scheduling conflict. R.C. 2945.72(H); *State v. Stoddard*, 2020-Ohio-893, 152 N.E.3d 990 (9th.Dist.), ¶ 14, citing *State v. Glass*, 3d Dist. Auglaize No. 2-04-01, 2004-Ohio-4402, ¶ 11.

{¶ 21} Thereafter, at the May 25, 2021 pretrial counsel requested and was granted funds to hire an investigator. The delay from May 25 until the August 24, 2021 trial was explained to appellant as follows:

> THE COURT: Okay. Well, your attorney's asked for $2,000, up to 2,000 so he can hire a court inves—or an investigator to help you with your case.
>
> So the Court has given permission that we will fund that. So your investigator will do his duties and then it takes some time for him to

interview witnesses and so forth and so that's why we have a trial date in August.

{¶ 22} Appellant's counsel further explained his difficulties in obtaining discovery in the matter; largely due to appellant's refusal to provide specific information regarding various individuals he claimed had information regarding the matter. Accordingly, we find that the time form the May 25 2021 pretrial until the August 24, 2021 trial was properly tolled.

{¶ 23} Based on the foregoing, we find that the delay caused by the COIVD-19 pandemic and delays attributed to appellant's counsel's various requests in order to prepare for appellant's trial did not result in a violation of appellant's constitutional right to a speedy trial. The days chargeable to the state totaled 138 days, and no error and, thus, no plain error occurred. Appellant's first assignment of error is not well-taken.

{¶ 24} In appellant's second assignment of error, he argues that trial counsel was ineffective by failing to move to dismiss the indictment on speedy trial grounds. In raising an ineffective assistance of counsel claim, a defendant must prove two elements: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Proof of prejudice requires a showing "that there is a reasonable probability that, but for counsel's

9.

unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶ 25} Based on our disposition of appellant's first assignment of error we conclude that counsel was not ineffective in failing to raise the speedy trial issue. Counsel was appointed nearly ten months into the proceedings and during a global pandemic. Counsel had difficulty getting discovery from prior counsel and information from appellant. Appellant asserts that counsel was ineffective in requesting a continuance for a psychological evaluation that was never conducted. Counsel did state that the reevaluation was not completed due to difficulties with jail access. We note that the continuance was also requested due to ongoing discovery. Appellant's second assignment of error is not well-taken.

## IV. Conclusion

{¶ 26} On consideration whereof, the September 10, 2021 judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

10.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See also 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                    _____
                                                        JUDGE

Thomas J. Osowik, J.

                                            _____
Gene A. Zmuda, J.                                       JUDGE
CONCUR.

                                            _____
                                                        JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.