[Cite as *State v. Counts*, 2024-Ohio-1362.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                         :

    Plaintiffs-Appellants,         :

                              Nos. 112715 and 112775

    v.                                         :

KAYLYNN COUNTS,                   :

    Defendant-Appellee.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 11, 2024

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-18-634510-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chadwick Cleveland and Anthony T. Miranda, Assistant Prosecuting Attorneys, *for appellant* the state of Ohio.

Elizabeth A. Well, Ohio Crime Victim Justice Center, *for alleged victims-appellants*.

Russell S. Bensing, *for appellee* Kaylynn Counts.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin and Erika B. Cunliffe, Assistant Public Defenders, *amicus curiae urging affirmance*.

ANITA LASTER MAYS, J.:

**{¶1}** Plaintiffs-appellants, state of Ohio ("the state") and the alleged victims ("victims") in this case appeal the trial court's decision dismissing the case against defendant-appellee, Kaylynn Counts ("Counts"). We reverse the trial court's decision and remand for further proceedings consistent with this opinion.[1]

## I.      Facts and Procedural History

**{¶2}** The facts of this case are as follows:

> [I]n the fall of 2018, Kaylynn Counts, a college student, was staying in the home of a family member, Lavon Thomas, a 72-year-old woman and the mother of Felicia Kelly. On November 9, 2018, Thomas and Kelly told Counts to leave the home. It is alleged that in the ensuing altercation Counts assaulted Thomas and stabbed Kelly. Counts has maintained that she acted in self-defense.

*State ex rel. Thomas v. McGinty*, 8th Dist. Cuyahoga No. 108633, 2019-Ohio-5129, 137 N.E.3d 1278, ¶ 2 ("*McGinty I*").

**{¶3}** Counts was indicted on December 3, 2018, for attempted murder and felonious assault. On April 1, 2019, Counts filed a motion for "Criminal Rule 16, Entry upon Land for Inspection and Photograph," seeking an order from the trial court to access the victims' home. In the motion, Counts states that her ability to inspect and photograph the home is material to the preparation of her defense.

---

[1] 8th Dist. Cuyahoga Nos. 112715 and 112775 were consolidated by this court on January 30, 2024, only for disposition.

{¶4} On May 16, 2019, the trial court held a hearing on the motion. The trial court granted the motion and stated in its journal entry, in part:

> The court finds that the defendant's motion for Criminal Rule 16 entry upon land for inspection and photograph is granted. The court orders: The parties communicate to provide 3 available days with a specific time to allow state to confer with homeowner. The state will indicate to defense counsel the date for discovery. The court orders that bailiff shall be the court representative and be present at all times while the defendant, defense counsel, and their experts are within the residence. At all times, the defendant, defense counsel, and their expert shall be within the view of the bailiff. The court orders that a sheriff's deputy shall assist bailiff in this procedure. The victim shall not be in the residence once the discovery process commences. The court further orders that Cleveland Police Department and County Prosecutor personell [sic] may be present, but may not be within the residence when the discovery is ongoing.

Journal Entry No. 108790054 (May 20, 2019).

{¶5} On May 21, 2019, the state filed a motion for leave to appeal. This court denied the motion and dismissed the appeal. The Supreme Court of Ohio also declined to accept jurisdiction over the appeal. On May 31, 2019, the victims in the case filed a petition for a writ of prohibition against the trial court judge. In *McGinty I*, this court dismissed the petition and granted the trial court's motion to dismiss. *Id*. at ¶ 1.

{¶6} The decision was appealed to the Supreme Court, which affirmed this court's decision and stated:

> Although crime victims have a right under the Ohio Constitution to judicial review of discovery orders affecting their Marsy's Law rights, a writ of prohibition is not the correct mechanism to challenge Judge McGinty's order. We therefore affirm the Eighth District's judgment.

*State ex rel. Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, 172 N.E.3d 824, ¶ 2 ("*McGinty II*").

{¶7} The Supreme Court stated that the trial court's order failed to order the appellants to provide access to their home. *Id*. at ¶ 22. Additionally, the Supreme Court held that "a writ of prohibition remains an inappropriate vehicle for a nonparty to a criminal proceeding to challenge a discovery order." *Id*. at ¶ 23.

{¶8} On February 2, 2021, the state filed a notice of discovery in connection with the trial court's May 20, 2019 discovery order. The state explained to the court that after conferring with the victims' counsel, neither victim would agree to a defense inspection of the residence where the incident took place.

{¶9} The trial court held a hearing on July 13, 2021, in response to the notice of discovery. At the hearing, it was discussed whether the victims were willing to provide a date to open their home pursuant to the court order. Tr. 50. The victims indicated that they were unwilling "to do so." Tr. 51. The victims expressed to the court that they were uncomfortable with Counts coming back to the home. Tr. 53. The court inquired if the victims would allow Counts's attorneys, without Counts, to inspect the home. They agreed, as long as Counts was not allowed in the home. They also expressed to the court that they would not be comfortable with allowing the court staff or Counts's attorneys in the home without one of their family members present.

{¶10} Counts's counsel explained to the court that there were two areas of disagreement. First, they insisted that Counts be able to come to the home and explain what took place. Second, they refused to agree to a family member being present because they would not be free to have any discussions.

{¶11} The family rejected this, but asked the court if Counts's counsel could Facetime Counts while they were in the home, so that she would not be physically present in their home. The trial court stated that it was a "wonderful suggestion," however Counts's trial counsel would not agree. The trial court stated:

> Okay. Here's my thought process. We're sitting here. The order was back on May 20, 2019. We've had a little bit of COVID. We've had a couple trips to the court of appeals, two trips to the supreme court. The case is back here. We're still on Zoom with the majority of the parties. If I put an order on ordering the inspection – I'm just talking outloud [sic] right now – it sounds like the victims under Marsy's Law are going to appeal, and then we'll be back here in two more years. Anybody disagree with what I just said?

Tr. 63.

{¶12} On November 19, 2021, the trial court issued the following decision:

> The trial court is the gate-keeper of the discovery process as governed by Crim.R. 16, and has the power to mandate reasonable discovery orders. Therefore, Defendant's Motion for Criminal Rule 16 Entry Upon Land for Inspection and Photograph is granted. The victims in this case are ordered to make the premises available for inspection by the Defendant, her counsel, and experts without victims or the victim representatives present, including the County Prosecutor's Office and the City of Cleveland Police Department.

Journal Entry No. 119620134 (Nov. 19, 2021).

**{¶13}** The trial court set a trial date for January 19, 2022. On November 23, 2021, the victims filed an interlocutory appeal in *State v. Counts*, 2022-Ohio-3666, 201 N.E.3d 942, (8th Dist.) ("*Counts I*"). This court reversed and remanded the lower court for further proceedings consistent with the opinion. The trial court's decision stated:

> In this case of first impression, the trial court applied a balancing test to determine whether it would allow a criminal defendant to inspect a victims' home over her objection. In applying that balancing test of the criminal defendant's constitutional and trial rights versus the victims' constitutional rights, the trial court did not apply the correct standards of law nor did it require the defendant to state a specific need for the discovery. By employing incorrect standards of law in assessing the weight of the respective rights of the defendant and the victims, the trial court abused its discretion.

*Id.* at ¶ 41.

**{¶14}** On December 2, 2022, after this court's decision in *Counts I*, Counts filed a motion to dismiss for denial of defendant's statutory right to a speedy trial, arguing that the speedy trial time was not tolled during the 736 days the private actions were pending before this court and the Supreme Court. The state argued that the victims' appeal tolled and should not be counted towards Counts's speedy trial time.

**{¶15}** On April 17, 2023, the trial court held a hearing, and on May 11, 2023, the trial court issued a decision granting Counts's motion to dismiss, stating, in part:

> Although the appeal was filed on behalf of the victims, the State could have filed a motion to stay pending the appeal. However, no motion to stay was

filed with the trial court or the appellate court. In construing the statutes strictly against the state, and liberally in favor of the Defendant, this Court finds that the speedy trial time was not tolled during the pendency of the victims' appeal. The appeal was filed November 23, 2021, and the Eighth District Court of Appeals issued its decision, reversing the trial court's order, on October 13, 2022. That constitutes a period of 324 days, bringing the total to 475 days, or 205 days beyond the speedy trial time. Therefore, pursuant to R.C. 2945.73, Defendant's Motion to Dismiss for Denial of Right to Speedy Trial is granted and Defendant is discharged.

Journal Entry No. 146522117 (May 11, 2023).

**{¶16}** The victims and the state filed companion appeals, which were consolidated only for disposition, assigning one error for our review:

The trial court erred in dismissing the indictment on the basis of speedy trial.

## II. Standard of Review

**{¶17}** "When reviewing a speedy trial issue, the appellate court counts the days and determines whether the number of days not tolled exceeds the time limits for bringing the defendant to trial as set forth in R.C. 2945.71." *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 20, (8th Dist.), citing *State v. Gibson*, 8th Dist. Cuyahoga No. 100727, 2014-Ohio-3421, ¶ 15.

**{¶18}** "'Appellate review of a trial court's decision on a motion to dismiss for a speedy trial violation raises a mixed question of law and fact.'" *S. Euclid v. Njoku*, 2022-Ohio-4388, 203 N.E.3d 147, ¶ 20 (8th Dist.), quoting *State v. Burks*, 8th Dist. Cuyahoga No. 106639, 2018-Ohio-4777, ¶ 22. "The legal issues are reviewed under a de novo standard but great deference is given to the trial court's

factual findings if the findings are supported by competent, credible evidence." *Id.*, citing *State v. Loder*, 8th Dist. Cuyahoga Nos. 93242 and 93865, 2010-Ohio-3085, ¶ 9.

### III. Law and Analysis

{¶19} In the state's sole assignment of error, they argue that the trial court erred in dismissing the indictment against Counts on the basis of a speedy trial violation because the case was not resolved within the time prescribed by R.C. 2945.71.

{¶20} "A defendant is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article I of the Ohio Constitution." *State v. Williams*, 8th Dist. Cuyahoga No. 100898, 2014-Ohio-4475, ¶ 51, citing *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 32. "Pursuant to its authority to prescribe reasonable periods in which a trial must be held that are consistent with these constitutional requirements, Ohio enacted R.C. 2945.71, which sets forth the specific time requirements within which the state must bring a defendant to trial." *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 14.

{¶21} R.C. 2945.71(C)(2) states: "A person against whom a charge of felony is pending: Except as provided in division (C) of section 2945.73 of the Revised Code, shall be brought to trial within two hundred seventy days after the person's arrest."

{¶22} We determine from the record that the total days from the time Counts was arrested until the trial court dismissed the case against her was 136 days. In light of this decision, we have provided a chart to determine the number of days concerning Counts's speedy trial clock.

| Start Date | End Date | Event | Statute/Case | Time in days |
|---|---|---|---|---|
| 11/09/18 | 11/13/2018 | Arrested. | R.C. 2945.71(E) | 12 |
| 11/13/18 | 12/17/2018 | Bond. | R.C. 2945.71(E) | 46 |
| 12/17/18 | 1/4/19 | Arraignment. | | 64 |
| 12/19/18 | Tolling | State's demand for discovery. [1] | *State v. Brummett*, 4th Dist. Highland No. 03-CA-5, 2004-Ohio-431; *State v. Borrero*, 8th Dist. Cuyahoga No. 82595, 2004-Ohio-739, ¶ 11; *State v. Mitchell*, 8th Dist. Cuyahoga No. 88977, 2007-Ohio-6190, ¶ 33 | 64 |

_____

[1] *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699 allows the trial court to toll the time after 30 days, but it is not a mandate. However, even

| 1/4/19 | 1/15/19 | Pretrial; defendant requests continuance. | R.C. 2945.72(E) | 64 |
|---|---|---|---|---|
| 1/15/19 | 2/4/19 | Pretrial; defendant requests continuance. | R.C. 2945.72(E) | 64 |
| 2/4/19 | 2/19/19 | Pretrial; defendant requests continuance. | R.C. 2945.72(E) | 64 |
| 2/19/19 | 3/12/19 | Pretrial; defendant requests continuance. | R.C. 2945.72(E) | 64 |
| 3/12/19 | 4/2/19 | Pretrial; defendant requests continuance. | R.C. 2945.72(E) | 64 |
| 4/2/19 | 4/16/19 | Pretrial; defendant requests continuance. | R.C. 2945.72(E) | 64 |
| 4/16/19 | 4/30/19 | Pretrial; defendant requests discovery. | R.C. 2945.72(E) | 64 |
| 4/30/19 | 5/20/19 | Pretrial: continued for hearing on motion to compel discovery. | R.C. 2945.72(E) | 64 |
| 5/20/19 | 5/20/19 | Hearing. | R.C. 2945.72(E) | 64 |
| 5/21/19 | 6/11/19 | Notice of appeal filed. | R.C. 2945.72(I) | 64 |
| 6/11/19 | 6/27/19 | Appeal dismissed; appellate motion period. | R.C. 2945.72(I) | 64 |
| 6/28/19 | 9/17/19 | State appeals to Ohio Supreme Court. | R.C. 2945.72(I) | 64 |
| 9/17/19 | 9/27/19 | Appellate motion period. | R.C. 2945.72(I) | 64 |
| 9/28/19 | 12/1/19 | Time runs. [2] | | 128 |
| 12/2/19 | 12/12/19 | Pretrial; continuance. | R.C. 2945.72(I) | 128 |
| 12/12/19 | 2/28/20 | Pretrial; defendant requests continuance. | R.C. 2945.72(I) | 128 |

if we were to add the 30 days to the tolled time, it would bring the total days to 166, less than the 270 days required by law.

[2] In the state's brief, it conceded that an additional 64 days should be added to the tolled time during this period. State's Appellate Brief, p. 6.

| | | | | |
|---|---|---|---|---|
| 2/28/20 | 5/6/20 | Pretrial; COVID-19 administrative order. | | 128 |
| 5/6/20 | 6/10/20 | Pretrial; COVID-19 administrative order. | | 128 |
| 6/10/20 | 7/20/20 | Pretrial; awaiting Ohio Supreme Court decision. | R.C. 2945.72(I) | 128 |
| 7/20/20 | 12/2/20 | Pretrial; awaiting Ohio Supreme Court decision. | R.C. 2945.72(I) | 128 |
| 12/2/20 | 12/10/20 | Pretrial; defendant requests continuance. | R.C. 2945.72(E) | 128 |
| 12/10/20 | 1/13/21 | Pretrial; waiting for the full opinion from the court of appeals. | R.C. 2945.72(I) | 128 |
| 1/13/21 | 2/3/21 | Pretrial; defendant requests continuance; Waiting for the full opinion from the court of appeals. | R.C. 2945.72(E) and (I) | 128 |
| 2/3/21 | 3/10/21 | Pretrial; defendant requests continuance. | R.C. 2945.72(E) | 128 |
| 3/10/21 | 4/14/21 | Pretrial; COVID-19 administrator order. | | 128 |
| 4/14/21 | 5/17/21 | Pretrial; defendant requests to negotiate a plea. | R.C. 2945.72(E) | 128 |
| 5/17/21 | 5/27/21 | State asks for continuance due to another trial scheduled. | *State v. Stoddard*, 2020-Ohio-893, 152 N.E.3d 990 (9th Dist.) | 128 |
| 5/28/21 | 6/2/21 | Time runs. | | 133 |
| 6/3/21 | 7/13/21 | Pretrial; defendant requests continuance. | R.C. 2945.72(E) | 133 |
| 7/13/21 | 8/30/21 | Pretrial; defendant requested continuance. | R.C. 2945.72(E) | 133 |
| 8/30/21 | 9/22/21 | Pretrial; defendant requests continuance. | R.C. 2945.72(E) | 133 |
| 9/23/21 | 9/29/21 | Waiting for decision regarding motion to compel discovery. | | 133 |

| | | | | |
|---|---|---|---|---|
| 9/29/21 | 10/20/21 | Pretrial; defendant requests continuance. | R.C. 2945.72(E) | 133 |
| 10/20/21 | 10/29/21 | Pretrial; trial court unavailable due to trial. | *Stoddard* | 133 |
| 10/22/21 | 11/5/21 | Pretrial; defendant requests continuance because trial counsel in unavailable. | R.C. 2945.72(C) | 133 |
| 11/5/21 | 11/16/21 | Pretrial; continued at trial court's request as they held an attorney conference. | *Stoddard* | 133 |
| 11/17/21 | 11/19/21 | Waiting for decision regarding motion to compel discovery. | | 133 |
| 11/19/21 | 11/22/21 | Motion to compel discovery granted. | | 136 |
| 11/23/21 | 10/13/22 | Victims appealed the trial court's decision; waiting for court of appeals to issue decision; trial court does not have jurisdiction until 45 days after 10/13/22. | R.C. 2945.72(E) and (H) | 136 |
| 12/02/22 | 5/11/23 | Defendant files motion to dismiss for speedy trial. | R.C. 2945.72(E) | 136 |
| 5/11/23 | | Trial court grants defendant's motion. | | 136 |

**{¶23}** Counts's first argument is that the time was not tolled by a failure to respond to discovery. Counts's argument is misplaced.

> "A defendant's untimely compliance with the state's discovery request is chargeable to the defendant under R.C. 2945.72(D), which extends the time for trial for any period of delay occasioned by the neglect or improper act of the defendant."

*State v. Brummett*, 4th Dist. Highland No. 03CA5, 2004-Ohio-431, ¶ 18, quoting

*State v. Stewart*, 12th Dist. Warren No. CA98-03-021, 1998 Ohio App. LEXIS 4384

(Sept. 21, 1998), citing *State v. Larsen*, 9th Dist. Medina No. 2363-M, 1995 Ohio App. LEXIS 1128 (Mar. 25, 1995).

**{¶24}** Additionally, this court has also held that "speedy trial time is tolled while the state awaits responses to its discovery requests, pursuant to Crim.R. 16(C)." *State v. Borrero*, 8th Dist. Cuyahoga No. 82595, 2004-Ohio-739, ¶ 11. "'[Defendant] can hardly ignore a lawful request for information, and then claim that she was not timely tried caused by her own motions and neglect.'" *State v. Mitchell*, 8th Dist. Cuyahoga No. 88977, 2007-Ohio-6190, ¶ 33, quoting *Chagrin Falls v. Vartola*, 8th Dist. Cuyahoga Nos. 51571 and 51572, 1987 Ohio App. LEXIS 6926 (Apr. 2, 1987).

**{¶25}** Further, "[i]n *State v. Christopher*, 8th Dist. Cuyahoga No. 54331, 1988 Ohio App. LEXIS 4732, (Dec. 1, 1988), this court, citing *Vartola*, *supra,* explained that the State's request for discovery 'tolled the statutory time even further under R.C. 2945.72(H) as a continuance granted other than on the accused's own motion.'" *Id.* at ¶ 34. "Other courts have agreed that the time continues to be tolled until defendant supplies the requested discovery information." *Id.*, citing *State v. Litteral*, 12th Dist. Fayette No. CA98-02-002, 1999 Ohio App. LEXIS 4 (Jan. 4, 1999); *State v. Stewart,* 12th Dist. Warren No. CA98-03-021, 1998 Ohio App. LEXIS 4384 (Sept. 21, 1998); *State v. Larsen*, 9th Dist. Medina No. C.A. No. 2363-M, 1995 Ohio App. LEXIS 1128 (Mar. 22, 1995).

{¶26} In *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, the Supreme Court stated, "In the case at bar, the trial court held, in effect, that it was reasonable to allow the defendant 30 days to provide its response to the state's request for reciprocal discovery and that thereafter the defendant was in neglect of its duty to respond." *Id*. at ¶ 23. However, the court did not explicitly state that it is required to add 30 days to the tolling time. In fact, this court has repeatedly held, "that speedy trial time is tolled while the State awaits responses to its discovery requests." *Mitchell* at ¶ 33. It is not mandatory from the statute or case law that 30 days be counted against the state while waiting for the defendant to respond to a discovery request. The court in *Palmer* merely stated that the trial court's holding was reasonable.

{¶27} Counts's second argument and the trial court's reasoning for dismissing the case against Counts is that the victims' interlocutory appeal in 2021 was not a tolling event. R.C. 2945.72(E) states:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by * * * any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused.

{¶28} The state argues that Counts's action of not agreeing to the victims' request regarding Counts's presence in their home is what caused the victims to file the interlocutory appeal. Thus, Counts's actions necessitated the delay. The state's position is well-taken. The victims' action of appealing the trial court's

discovery decision should not count against them.  It was an action initiated by the defendant that caused the victims to appeal.  "Marsy's Law expressly provides that a crime victim 'may petition the court of appeals for the applicable district' when a trial court's ruling implicates the victim's rights." *McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, 172 N.E.3d 824,  at ¶ 39, citing Article I, Section 10a(B), Ohio Constitution.  "Thus, Section 10a(B) specifically authorizes a victim to seek relief in the court of appeals."  *Id.*

{¶29} The victims' interlocutory appeal is also a tolling event under R.C. 2945.72(H), which states:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by * * * the period of any reasonable continuance granted other than upon the accused's own motion.

{¶30}  "This Court has acknowledged that '[a] trial court may continue a trial date without violating a defendant's right to a speedy trial if the purpose and length of the continuance are reasonable.'" *State v. Stoddard*, 2020-Ohio-893, 152 N.E.3d 990, ¶ 14 (9th Dist.), quoting *State v. Brewer*, 9th Dist. Lorain No. 14-CA-010608, 2016-Ohio-5366, ¶ 10. The trial court granted continuances throughout the time the appeal was pending in this court.  Neither the victims nor the state had control over the length of time it took for this court to decide the merits of the appeal.  Thus, the victims' appeal is considered a tolling event.

**{¶31}** Therefore, the trial court erred in dismissing the indictment on the basis of a speedy trial violation.  The appellants' assignment of error is sustained.

**{¶32}** Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, J., CONCURS;
EILEEN T. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY